# United States Court of Appeals

## For the First Circuit

No. 02-2074

ANTONIO VICENTE DIAS,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW FROM THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lipez, Circuit Judge.

Joseph F. Dugan on Petition for Review of an Order of The Board of Immigration Appeals for petitioner.
Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, and Brenda M. O'Malley, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, on Respondent's Motion to Dismiss Petition for Review for Lack of Jurisdiction and Opposition to Petitioner's Motion for a Stay of Removal for respondent.

November 27, 2002

**Per Curiam**. In 1995, petitioner Dias was convicted in the trial court for the Commonwealth of Massachusetts of a violation of the drug laws of that state. At the time of the conviction, petitioner was eligible for a discretionary waiver of deportation pursuant to former § 212(c) of the Immigration and Nationality Act. In 1996, § 440(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the availability of § 212(c) relief for aliens convicted of a number of felonies, including petitioner's controlled substance offense.

The issue presented by this petition for review is whether application of the new law to petitioner would have an impermissible retroactive effect. Relying on INS v. St. Cyr, 533 U.S. 289 (2001), petitioner argues that it would. In St. Cyr, the Court held that, because new legal consequences would attach to events completed before its enactment, application of AEDPA to alien criminal defendants who pled guilty prior to AEDPA would constitute an "impermissible retroactive effect." Id., at 321. However, the decision in St. Cyr relied on the Court's recognition that (1) plea agreements generally involve a quid pro quo between a defendant and the government and (2) that aliens often attach much importance to the immigration consequences of the decision whether or not to enter into an agreement. "Preserving the client's right to remain in the United States may be more important to the client than any

-2-

potential jail sentence." St. Cyr, 533 U.S. at 322 (citation omitted). Therefore, the potential for unfairness to one who pled guilty in reliance on immigration law as it existed at the time of the plea would be significant if the new law were applied retroactively. For this reason, the Court held that alien criminal defendants who pled guilty prior to AEDPA are eligible to apply for discretionary relief under former § 212(c) of the INA.

In contrast, those alien criminal defendants who chose to go to trial, prior to the change wrought by AEDPA, were not relying on immigration law as it existed at the time in making that decision. The inquiry into retroactive application of a statute requires a "commonsense, functional judgment" about the new legal consequences that attach to events completed before its passage. St. Cyr, 533 U.S. at 321.

Although predating St. Cyr, our decision in Mattis v. Reno, 212 F.3d 31 (1st Cir. 2000), foreshadowed the correct outcome of this case. In Mattis we held that the retroactivity analysis must include an examination of reliance in a guilty plea situation. It follows that, having been convicted after a trial where there was not, and could not have been, reliance by the defendant on the availability of discretionary relief, Dias may not argue that the statute has impermissible retroactive effect as to him.

We now join the Seventh and Ninth Circuits in ruling that application of the new statutory limitations on discretionary relief does not have an impermissible retroactive effect on those aliens who would have been eligible for discretionary relief when they were convicted of a felony after trial. See Armendariz v. Sonchik, 291 F.3d 1116, 1121 (9th Cir. 2002)("aliens who elected a jury trial cannot plausibly claim that they would have acted any differently if they had known about § 440(d)"); LaGuerre v. Reno, 164 F.3d 1035, 1041 (7th Cir. 1998).

Affirmed.