Ramon **QUINONES–SAUCEDO,**
Petitioner—Appellant,

v.

John **ASHCROFT,** Attorney General,
Respondent—Appellee.

No. 03–15179.

D.C. No. CV–02–05282–JF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 24, 2003.

Angela M. Bean, Jesse A. Lloyd, Angela M. Bean & Associates, San Francisco, CA, for Petitioner–Appellant.

Edward Olsen, U.S. Attorney Office, San Francisco, CA, for Respondent–Appellee.

Before FARRIS, TROTT, Circuit Judges, and WEINER,* Senior District Judge.

## MEMORANDUM**

Ramon Quinones–Saucedo appeals the district court's denial of his habeas corpus petition. The sole issue he presents is whether the laws repealing INA § 212(c), AEDPA § 440(d) and IIRIRA § 304(b), imposed impermissible retroactive effects upon him. The district court had jurisdiction pursuant to 28 U.S.C. §§ 2241, 1331. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We affirm.

In *Armendariz–Montoya v. Sonchik,* 291 F.3d 1116 (9th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 2247, 156 L.Ed.2d 110 (2003), we held that application of AEDPA § 440(d) did not result in a retroactive effect to "those aliens who pleaded not guilty and elected a jury trial" prior to AEDPA's enactment. *Id.* at 1121–22. Undertaking the Supreme Court's *Landgraf v. USI Film Prods.,* 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), retroactivity analysis, we concluded that

> Unlike aliens who pleaded guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted any differently if they had known about § 440(d).

---

* Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Armendariz–Montoya,* 291 F.3d at 1121. As the not guilty plea and decision to go to trial eliminated any reliance argument, we joined with other circuits in distinguishing the holding of *INS v. St. Cyr,* 533 U.S. 289, 321–22, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).[1]

*Armendariz–Montoya* directly control this appeal. Accordingly, the decision of the district court denying habeas relief and holding that Quinones did not qualify for § 212(c) relief because he pleaded not guilty and was convicted at a jury trial is

AFFIRMED.[2]

---

**1.** In *St. Cyr,* the Supreme Court held that the application of AEDPA § 440(d) to those aliens who pleaded guilty prior to AEDPA's enactment resulted in a retroactive effect because, at the time of their pleas, those aliens had the possibility of obtaining a § 212(c) waiver of inadmissibility upon which they could justifiably rely. Cases following *St. Cyr* have carved out major exceptions to its reach. *See, e.g., Dias v. INS,* 311 F.3d 456, 458 (1st Cir. 2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 2574, 156 L.Ed.2d 603 (2003) (applying *St. Cyr* and holding that alien criminal defendants' pre-AEDPA decisions to plead not guilty were not in reliance on the state of immigration law, thus they did not suffer retroactive effects); *Theodoropoulos v. INS,* 313 F.3d 732, 739 (2d Cir.2002) (applying *St. Cyr* and finding that an alien "convicted after a trial rather than on a guilty plea" does not experience a retroactive effect from AEDPA); *Chambers v. Reno,* 307 F.3d 284, 288 (4th Cir.2002) (finding under *St.Cyr* that any "argument that an immigrant may go to trial in reliance on the availability of § 212(c) relief is flawed"); *Brooks v. Ashcroft,* 283 F.3d 1268, 1273 (11th Cir.2002) (finding under *St. Cyr* that an alien's argument of reliance on § 212(c) relief, despite conviction by a jury

after a not guilty plea, "misses the mark."). Even prior to the *St. Cyr* decision, we had held that laws restricting § 212(c)'s application did not result in retroactive effects on "those aliens who were convicted in a jury trial." *United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000). We explained that "[u]nlike aliens who pleaded guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted any differently if they had known" that § 212(c) would be restricted or repealed. *Id.* Our decision in *Armendariz–Montoya* followed and cited the *Herrera–Blanco* decision. 291 F.3d at 1121.

**2.** Quinones argues that *Armendariz–Montoya* should be overturned, and the similar decisions from other circuits should be ignored. A three-judge panel cannot reconsider or overrule the decision of a prior panel unless "an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point." *United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992), *cert. denied,* 506 U.S. 929, 113 S.Ct. 359, 121 L.Ed.2d 272 (1992). Quinones sites to no intervening Supreme Court decision allows us to reconsider *Armendariz–Montoya.*