In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 03-1850

MARCELINO MONTENEGRO,

*Petitioner-Appellant*,

*v.*

JOHN D. ASHCROFT, Attorney General
of the United States,[*]

*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 C 3089—**Richard Mills**, *Judge.*

---

SUBMITTED DECEMBER 16, 2003[**]—DECIDED JANUARY 22, 2004

---

[*] The proper respondent to a petition under § 2241 is the person having custody of the petitioner. 28 U.S.C. § 2243. Immigration Judge Robert Vinikoor never had custody of Montenegro and is therefore dismissed as a respondent. *See Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 673 (7th Cir. 2003). We note also that there is some question as to whether the Attorney General is the custodian of an alien awaiting removal, *see Vasquez v. Reno*, 233 F.3d 688, 691-92 (1st Cir. 2000), but the government does not challenge his designation so we do not address the issue.

[**] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Before POSNER, ROVNER, and EVANS, *Circuit Judges*.

PER CURIUM.   Marcelino Montenegro appeals a ruling of an Immigration Judge (IJ) ordering him removed to Mexico because of a felony drug conviction. Montenegro was convicted by an Illinois jury in April 1996 of possessing with the intent to deliver more than 900 grams of cocaine and sentenced to 20 years' imprisonment. As a result of his conviction, the Immigration and Naturalization Service[1] commenced removal proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for the removal of an alien convicted of an "aggravated felony." Montenegro was in the process of appealing his conviction at that time and moved to suspend the removal proceedings until his criminal appeal was concluded. The IJ delayed the proceedings until October 1998, when he rescinded Montenegro's lawful permanent resident status and ordered him removed. Montenegro did not file an administrative appeal but instead petitioned in the district court for a writ of habeas corpus under 28 U.S.C. § 2241. The district court determined that it had jurisdiction over Montenegro's constitutional claims, *see Calcano-Martinez v. INS*, 533 U.S. 348, 351-52 (2001), but denied the petition. Montenegro now appeals, and we affirm.

Montenegro first argues that he is eligible for a discretionary withholding of deportation, even though he acknowledges that this waiver was abolished by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) and the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 8 U.S.C. § 1229b(a)(3). Prior to the enactment of these laws, the Attorney General possessed

---

[1] The INS no longer exists as an independent agency, because its functions were transferred to the Department of Homeland Security effective March 1, 2003. *See Robledo-Gonzales*, 342 F.3d at 668 n.1.

the authority under § 212(c) of the Immigration and Nationality Act to grant discretionary waivers of deportation to aliens who met certain criteria. *See Lara-Ruiz v. INS*, 241 F.3d 934, 942 (7th Cir. 2001). AEDPA placed new limits on this authority in 1996, and IIRIRA in 1997 repealed § 212(c) altogether, replacing it with a similar form of relief called "cancellation of removal." *See* 8 U.S.C. § 1229b(a); *Lara-Ruiz*, 241 F.3d at 942. Unlike § 212(c), however, this new provision makes aliens convicted of an "aggravated felony" ineligible for relief. *Lara-Ruiz*, 241 F.3d at 942.

Montenegro insists that AEDPA and IIRIRA should not apply to him because he committed what he concedes was an aggravated felony when relief was still available under § 212(c). We have held, however, that Congress intended to repeal § 212(c) as of April 1, 1997, and that relief under that section is not available to aliens whose removal proceedings were brought after that date. *Lara-Ruiz*, 241 F.3d at 943-44. There are two limited exceptions to this rule, but neither helps Montenegro. First, aliens who pleaded guilty to an aggravated felony before AEDPA's enactment may apply for § 212(c) relief if they would have been eligible for that relief at the time of their pleas. *INS v. St. Cyr*, 533 U.S. 289, 326 (2001); *Jideonwo v. INS*, 224 F.3d 692, 700 (7th Cir. 2000). But this exception does not apply to aliens like Montenegro who chose to go to trial; such aliens did not abandon any rights or admit guilt in reliance on continued eligibility for § 212(c) relief. *Lara-Ruiz*, 241 F.3d at 945; *Rankine v. Reno*, 319 F.3d 93, 100-02 (2d Cir. 2003) (collecting cases). Second, aliens who conceded deportability before AEDPA's enactment, with the expectation that they could seek waivers under § 212(c), remain eligible to apply. *LaGuerre v. Reno*, 164 F.3d 1035, 1041 (7th Cir. 1998). Montenegro's removal proceedings, however, did not begin until after AEDPA was in effect and he contested his removability

at those proceedings, so he does not fall within this exception either.

Montenegro makes two other arguments attacking IIRIRA's applicability to his situation. First, he asserts that the retroactive application of IIRIRA violates the ex post facto clause. But the ex post facto clause does not apply here because a removal proceeding is a civil action, and the ex post facto clause applies only to criminal laws. *Flores-Leon v. INS*, 272 F.3d 433, 440 (7th Cir. 2001). Second, he says that the abolition of relief under § 212(c) denied him equal protection. But he does not develop this argument in any meaningful way, and we therefore do not address it. *See United States v. Hemmings*, 258 F.3d 587, 593 n.2 (7th Cir. 2001).

Montenegro next argues that he was denied due process because the IJ ordered him removed on the basis of a conviction that he was still challenging on appeal. At the time the IJ ordered Montenegro removed, he had two petitions still pending—a writ of certiorari in the United States Supreme Court and an appeal from the denial of his post-conviction petition in the Illinois Appellate Court—both of which were later denied.

Before the enactment of IIRIRA, the Supreme Court required that a deportation proceeding be based on a conviction that had sufficient "finality," *see Pino v. Landon*, 349 U.S. 901 (1955); *Will v. INS*, 447 F.2d 529, 531 (7th Cir. 1971), which we interpreted to mean that the alien no longer had any direct appeal pending, *Mansoori v. INS*, 32 F.3d 1020, 1024 (7th Cir. 1994). IIRIRA, however, treats an alien as "convicted" once a court enters a formal judgment of guilt. *See* 8 U.S.C. § 1101(a)(48)(A); *Moosa v. INS*, 171 F.3d 994, 1008-09 (5th Cir. 1999). IIRIRA eliminated the finality requirement for a conviction, set forth in *Pino*, even for aliens who were found guilty before April 1, 1997. *See* IIRIRA § 322(c), Pub. L. No. 104-208, 110 Stat.

3009 (1996) ("The amendments made by subsection (a) [including the definition of "conviction"] shall apply to convictions and sentences entered before, on, or after the date of the enactment of this Act."); *Moosa*, 171 F.3d at 1009 ("There is no indication that the finality requirement imposed by *Pino*, and this court, prior to 1996, survives the new definition of 'conviction' found in IIRIRA § 322(a)."); *see also Griffiths v. INS*, 243 F.3d 45, 50 (1st Cir. 2001). Under IIRIRA, therefore, Montenegro's conviction in April 1996 of an aggravated felony rendered him removable.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*