Enrique **HERNANDEZ–CASTILLO**
Applicant,

v.

**Marc J. MOORE, as Field Office Director for Detention and Removal for the Immigration and Customs Enforcement, et. al. Respondent.**

No. SA–04–CA–0710.

United States District Court,
W.D. Texas,
San Antonio Division.

Jan. 7, 2005.

Simon M. Azar–Farr, Simon M. Azar–Farr & Associates, San Antonio, TX, for Plaintiff.

Gary L. Anderson, Assistant United States Attorney, San Antonio, TX, for Defendant.

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

FURGESON, District Judge.

Before the Court are Respondent's Motion to Dismiss (Docket No. 9), Applicant's Reply to Respondent's Motion to Dismiss, and Applicant's Court Advisory Number 1. After due consideration, the Court DENIES Respondent's Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Applicant Hernandez–Castillo was a resident of the United States for more than thirty years and had been granted permanent resident status in 1985. In 1989, Applicant pleaded "not-guilty" to the offense of indecency to a minor and was found guilty by a jury. There is no evidence in the record that Applicant was offered a plea agreement or that he relied on the possibility of § 212(c) relief before going to trial. In 2001, the Immigration and Naturalization Service ("INS") served Applicant with Notice to Appear and initiated removal proceedings. Applicant's request to the Immigration Judge for relief from removal under § 212(c) of the Immigration and Nationality Act, amended as 8 U.S.C. § 1182(c), was denied. The immigration judge relied on the Supreme Court

decision in *INS v. St. Cyr*[1] and held that Applicant was not statutorily eligible for relief under § 212(c) because he was convicted pursuant to a jury verdict rather than a guilty plea. Applicant was ordered removed on November 19, 2002. The Board of Immigration Appeals affirmed the removal order on March 8, 2004 after Applicant's timely appeal.

On the morning of August 9, 2004, Applicant presented himself to the Bureau of Immigration and Customs Enforcement ("ICE") for deportation pursuant to a demand letter. That same morning, Applicant filed with this Court an application for writ of habeas corpus seeking a remand to the BIA for consideration of his application for § 212(c) relief. Applicant concurrently filed with this Court a Motion for Temporary Restraining Order ("TRO") and for Preliminary and Permanent Injunction. Before the Court was able to rule on the TRO Motion, Applicant was removed to Mexico. On August 10, 2004, this Court requested that Respondent submit a response to Applicant's Habeas Application. Respondent subsequently filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.

## DISCUSSION

### I. Habeas Jurisdiction

 The Court first holds that it has habeas jurisdiction over this matter. The U.S. Supreme Court as well as Fifth Circuit precedent make clear that the "in custody" requirement of federal habeas jurisdiction is determined as of the time the habeas petition is filed.[2] Furthermore, the Fifth Circuit has held that "this rule applies to petitioners who have been deported in the same way it applies to any other habeas petitioner no longer in custody."[3] In *Spencer v. Kemna*, the U.S. Supreme Court explained that for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate (1) that he was in custody at the time he filed the petition, and (2) that his subsequent release continues to present a case or controversy under Article III, § 2 of the Constitution.[4] According to decisions by the Fifth Circuit and other circuits, the bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live Article III controversy even after deportation of the petitioner.[5] In this matter, Applicant Hernandez–Castillo filed for writ of habeas corpus with this Court while he was in the ICE's custody and prior to his removal to Mexico. In addition, Applicant's subsequent removal does not render his claim moot because a collateral consequence of his custody is that he is barred from returning to the United States. Because Applicant filed his habeas petition while he was in custody and continues to face a collateral consequence of the order placing him there, the Court holds that it has habeas jurisdiction.[6] As a result, the Court DENIES Respondent's Motion to Dismiss based on Fed.R.Civ.P. 12(b)(1).

1. 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

2. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir.2004).

3. *Zalawadia*, 371 F.3d at 297.

4. *Spencer*, 523 U.S. at 7, 118 S.Ct. 978.

5. *Zalawadia* at 297; *see Leitao v. Reno*, 311 F.3d 453, 455 (1st Cir.2002); *see Chong v. District Director, INS*, 264 F.3d 378, 385 (3rd Cir.2001); *see Smith v. Ashcroft*, 295 F.3d 425, 428 (4th Cir.2002); *see Zegarra–Gomez v. INS*, 314 F.3d 1124, 1127 (9th Cir.2003).

6. *See Zalawadia* at 301.

## II. Rule 12(b)(6) Motion to Dismiss

For purposes of a Rule 12(b)(6) Motion to Dismiss for failure to state a claim, the complaint must be liberally construed in favor of the plaintiff, and all the facts plead in the complaint must be taken as true.[7] Dismissal on this basis is a disfavored means of disposing of a case,[8] and district courts should avoid such dismissals "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[9] "The question therefore is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[10]

The main issue before the Court is whether Applicant Hernandez–Castillo is eligible for § 212(c) relief even though he pleaded not guilty to the charges of indecency with a minor and was found guilty by a jury. Circuit courts have adopted different positions concerning the availability for relief under § 212(c) for an alien who has been convicted after trial.

The First, Second, and Ninth Circuits have interpreted the Supreme Court *St. Cyr* decision to hold that aliens convicted after trial are ineligible to make a § 212(c)

claim.[11] These courts have observed that aliens who exercise their right to go to trial do not have the type of reliance interests that the Supreme Court focused on in *St. Cyr*.

■ Other Circuit Courts of Appeals have taken a contrary perspective. The Third Circuit, for instance, distinguishes between aliens who went to trial because they declined a plea agreement that was offered to them and those who went to trial because they were not offered a plea agreement.[12] The Third Circuit stated in dicta that § 212(c) likely would not be available to the aliens in the latter category because they "had no opportunity to alter their course in the criminal justice system in reliance on the availability of § 212(c) relief."[13] The Third Circuit proceeded to hold that aliens in the former category could make a § 212(c) claim because aliens who "affirmatively turned down a plea agreement had a reliance interest in the potential availability of § 212(c) relief."[14]

Despite that the numerical authority of the other Circuit Courts of Appeals' decisions favor Respondent's position, the Applicant's arguments and Third Circuit authority are persuasive. The Court finds

---

7. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.1986).

8. *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 365 (5th Cir.2000).

9. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

10. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 586 (5th Cir.1999) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)).

11. *Dias v. INS*, 311 F.3d 456, 458 (1st Cir. 2002); *Rankine v. Reno*, 319 F.3d 93, 100 (2nd Cir.2003); *Armendariz–Montoya v. Sonchik*, 291 F.3d 1116, 1121–22 (9th Cir.2002), cert. denied, 539 U.S. 902, 123 S.Ct. 2247, 156 L.Ed.2d 110 (2003); *see also Lara–Ruiz v.*

*INS*, 241 F.3d 934, 945 (7th Cir.2001) (distinguishing between aliens who pleaded guilty and those convicted after trial); *see also Brooks v. Ashcroft*, 283 F.3d 1268, 1273–74 (11th Cir.2002) (finding that the application of § 212(c) to aliens previously convicted after trial but not to those who previously pleaded guilty comported with the Sixth Amendment and the Equal Protection Clause).

12. *Ponnapula v. Ashcroft*, 373 F.3d 480 (3rd Cir.2004).

13. *Ponnapula*, 373 F.3d at 494.

14. *Id.*

that the record in this matter is not fully developed. Additional evidence may reveal whether Applicant was offered a plea agreement and whether he relied on the availability of § 212(c) for relief. In cases similar to this one, the United State Supreme Court has counseled that the judgment whether a particular statute acts retroactively should be informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations.

As a result of the analysis above, the Court DENIES Respondent's Motion to Dismiss based on Fed.R.Civ.P. 12(b)(6). The Court calls upon the parties to conduct further discovery and submit an agreed scheduling order within 60 days from the date of this Order. The Court then will decide the matter based on the opposing dispositive motions submitted by the parties.

It is so ORDERED.