**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTONIO GARCIA-ORTIZ,

      Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent.

No. 05-9575
(No. A23 187 158)
(Petition for Review)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

Antonio Garcia-Ortiz petitions for review of a final order of the Board of

Immigration Appeals (BIA). The BIA's order summarily adopted and affirmed a

decision of an immigration judge (IJ) that found Mr. Garcia-Ortiz ineligible for

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

relief under former section 212(c) of the Immigration and Nationality Act, and ordered him removed to Mexico. We deny the petition for review.

Mr. Garcia-Ortiz is a native and citizen of Mexico. He entered this country at El Paso, Texas on October 17, 1986, as an immigrant. On August 5, 1994, he was convicted in a Colorado state court of conspiracy to distribute marijuana. On November 14, 1994, he received a 45-day jail sentence and three years' probation. Although the documentary evidence in the record is unclear on this point,[1] Mr. Garcia-Ortiz contends that he was convicted after a jury trial rather than as the result of a guilty plea.

Mr. Garcia-Ortiz concedes that he is removable from this country as a result of his drug trafficking conviction. He has, however, requested discretionary withholding of deportation relief under former 8 U.S.C. § 1182(c) (1994), known as "section 212(c) relief." Former § 212(c) authorized "any permanent resident alien with a lawful unrelinquished domicile of seven consecutive years to apply for a discretionary waiver from deportation." *INS v. St. Cyr*, 533 U.S. 289, 295 (2001) (quotation omitted). An alien who had been "convicted of one or more aggravated felonies and has served for such felony or

---

[1] The Alamosa County, Colorado form commitment order indicates that on August 5, 1994, Mr. "Ortiz Garcia" was "found guilty of, *or* the court accepted [his] plea of guilty or nolo contendere to" conspiracy to distribute marijuana. Admin. R. at 69 (emphasis added).

felonies a term of imprisonment of at least 5 years," however, was ineligible for § 212(c) relief. 8 U.S.C. § 1182(c).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) identified a broad category of offenses that would cause an alien to forfeit eligibility for § 212(c) relief, including aggravated felonies and controlled substance offenses. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) subsequently abolished § 212(c) relief altogether, and replaced it with a similar form of relief known as "cancellation of removal." *See Montenegro v. Ashcroft*, 355 F.3d 1035, 1036 (7th Cir. 2004). As an alien convicted of an "aggravated felony," Mr. Garcia-Ortiz is ineligible for IIRIRA's cancellation of removal, even though he served less than five years' imprisonment for his offense. *See id.* His drug conviction would not, however, disqualify him from § 212(c) relief as it existed at the time of his conviction, provided that such relief remains available to him notwithstanding the AEDPA modification and the IIRIRA repeal.

Mr. Garcia-Ortiz contends that he remains eligible for § 212(c) relief for two reasons. First, he contends that the presumption against retroactive legislation applies in his case, because aliens who went to trial prior to the enactment of IIRIRA had a reasonable reliance interest in the continued availability of § 212(c) relief. Second, he contends that denying § 212(c) relief to

aliens like himself, who exercised their Sixth Amendment right to trial by jury, violates the Equal Protection Clause.

### 1. Presumption against retroactive legislation

In *St. Cyr*, the Supreme Court addressed the issue of whether IIRIRA's repeal of § 212(c) relief applied retroactively to aliens who pled guilty to aggravated felonies prior to the repeal. The Court concluded that in light of (1) the absence of clearly-expressed Congressional intent to apply the repeal to such aliens, and (2) the reasonable reliance interest in prior law possessed by such aliens, demonstrated by their decision to plead guilty, they remained eligible for § 212(c) relief. 533 U.S. at 314-26.

*St. Cyr* did not address the situation of aliens like Mr. Garcia-Ortiz, who proceeded to trial. Following the decision in *St. Cyr*, the Attorney General adopted a regulation permitting aliens who had pleaded guilty or nolo contendere to aggravated felonies prior to AEDPA's effective date to apply for § 212(c) relief. 8 C.F.R. § 1212.3(h). This regulation further provides that "[a]liens are not eligible to apply for section 212(c) relief under the provisions of this paragraph *with respect to convictions entered after trial*." *Id.* (emphasis added).[2]

In *Hem v. Maurer*, No. 05-9555, 2006 WL 2383281 (10th Cir. Aug. 18, 2006), however, we held that an alien who proceeded to trial rather than pleading

---

[2]     While affirming summarily the IJ's decision in this case, the BIA added a succinct reference to § 1212.3(h) in its order. *See* Admin. R. at 2.

guilty could still possess a sufficient objective reliance interest in § 212(c) relief to avoid retroactive application of IIRIRA's repeal of § 212(c). *Id.* at *15. Under the objective reliance test, we focus on whether the class of aliens to which an alien belongs had an objectively reasonable reliance interest that would be adversely affected by a retroactive application of IIRIRA, not whether a particular alien actually relied on the availability of § 212(c) relief. *Id.* at *14. The petitioner in *Hem* met this objective reliance standard, because he belonged to the class of aliens who forewent an appeal from their conviction after trial, thus evidencing a reliance interest in § 212(c) relief. *Id.* at *15.

Mr. Garcia-Ortiz argues that he belongs, for purposes of this objective reliance inquiry, to the class of aliens convicted of an aggravated felony who went to trial rather than pleading guilty. He does not affirmatively argue that his failure to appeal demonstrates objective reliance on the availability of § 212(c) relief. Mr. Garcia-Ortiz cites no authority indicating that exercising one's Sixth Amendment right to go to trial, by itself, constitutes a sufficient showing of an objective reliance interest to foreclose a retroactive application of the § 212(c) repeal.[3] *See id.* at *15 (stating aliens in Hem's class, who forewent appeal, would

---

[3]     The Third Circuit has held that aliens who chose to go to trial, *and who declined a plea bargain offered to them*, demonstrated a sufficient reliance interest to avoid retroactive application of the repeal. *Ponnapula v. Ashcroft*, 373 F.3d 480, 496 (3d Cir. 2004). Mr. Garcia-Ortiz candidly admits, however, that he does not recall whether he declined a plea bargain. Aplt. Opening Br. at

(continued...)

suffer new legal consequences from retroactive application because "the availability of § 212(c) relief would reasonably inform *their decision to forego a constitutional right*") (emphasis added). We therefore conclude that he has failed to demonstrate objectively reasonable reliance on the continued availability of § 212(c) relief. *See Hem*, 2006 WL 2383281, at *15 (citing with approval *Montenegro*, 355 F.3d at 1037, to the effect that § 212(c) repeal was not impermissibly retroactive with respect to aliens "who did not abandon rights or admit guilt in reliance on continued eligibility for § 212(c) relief.").

## 2. Equal Protection issue

Mr. Garcia-Ortiz also argues that the agency's decision in his case, and/or the regulation implementing *St. Cyr*, 8 C.F.R. § 1212.3(h), violates the Equal Protection Clause[4] because it burdens the exercise of a fundamental right by penalizing those aliens who choose to exercise their Sixth Amendment right to

---

[3](...continued)
13, 24.

Mr. Garcia-Ortiz also cites the Fourth Circuit's opinion in *Olatunji v. Ashcroft*, 387 F.3d 383 (4th Cir. 2004), which states that "reliance (whether subjective or objective) is not a requirement of impermissible retroactivity." *Id.* at 388. In adopting an objective reliance approach in *Hem*, we implicitly rejected the no-reliance approach discussed in *Olatunji*. *See Hem*, 2006 WL 2383281, at *3-*4.

[4]     By its terms, the Fourteenth Amendment does not apply to this case, which involves federal rather than state action. As Mr. Garcia-Ortiz correctly notes, however, the Fifth Amendment's Due Process Clause also includes an equal protection element. *See, e.g., Johnson v. Robison*, 415 U.S. 361, 364 n.4 (1974).

trial by jury. He contends that since the Supreme Court has granted relief to aliens who pleaded guilty, the same relief must be granted to those who chose to go to trial.

Mr. Garcia-Ortiz's equal protection claim fails, because he has not demonstrated any actual violation of his rights. Neither AEDPA nor IIRIRA makes any distinction between aliens who have pleaded guilty and those who chose to go to trial. The distinction has been created solely by judicial decisions that have found a reliance interest in the former case, and not in the latter. This distinction actually protects the values associated with the right to jury trial, by forbidding retroactive loss of a benefit reasonably anticipated by that class of aliens who gave up their valuable right to jury trial. Mr. Garcia-Ortiz cites no case finding an equal protection violation based on this sort of retroactivity analysis, and we have found none.

The existence of 8 C.F.R. § 1212.3(h), does not change our analysis. This regulation merely codifies the decision in *St. Cyr*, by extending to aliens who pleaded guilty (and, hence, demonstrated an objectively reasonable reliance interest), an explicit opportunity to apply for § 212(c) relief. The fact that it does not permit aliens who went to trial to apply for such relief "under the provisions of this paragraph," § 1212.3(h), does not affirmatively foreclose such aliens from seeking § 212(c) relief by arguing that a sufficient objective reliance interest

requires that the repeal should not be applied to them. Indeed, Mr. Garcia-Ortiz

has made such an argument, albeit unsuccessfully, in this case.

The petition for review is DENIED.


                                        Entered for the Court


                                        Mary Beck Briscoe
                                        Circuit Judge