NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 17, 2007
Decided July 16, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2742

| | |
|---|---|
| FRANCISCO C. ZAMORA,<br>*Petitioner,* | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A38-884-655 |
| ALBERTO R. GONZALES, Attorney<br>General of the United States,<br>*Respondent.* | |

**O R D E R**

Francisco Zamora, a permanent resident since 1985, took a brief trip to his native Mexico in 2001 and was denied readmission based on his prior Illinois convictions for possessing a stolen car in 1990 and possessing cocaine in 1995. At his removal hearing, Zamora requested a waiver of inadmissability based on former INA § 212(c), 8 U.S.C. § 1182(c) (1994) (repealed), arguing that its repeal should not apply retroactively. Relying on *INS v. St. Cyr,* 533 U.S. 289 (2001), in which the Supreme Court held that an alien who pleaded guilty to an aggravated felony prior to the repeal of § 212(c) remains eligible for discretionary relief, the IJ denied Zamora's request because he had not pleaded guilty to the cocaine charge. The BIA affirmed. Zamora now petitions for review, arguing that it would be impermissibly retroactive to apply

the repeal of § 212(c) to him, regardless of whether he actually relied on the prior law. We deny the petition for review.

Zamora was admitted as a lawful permanent resident in 1985. He has two United States citizen children, aged 23 and 8, and two grandchildren. He has been employed as a machinist at Advance Wheel Corporation in Chicago since 1989, and he serves as an usher for his church. Unfortunately, Zamora also has two criminal convictions: in 1990 he pleaded guilty to possessing a stolen car, *see* 95.5 Ill. Comp. Stat. Ann. 4-103-A(1) (West 1990), and was sentenced to 24 months' probation; and in 1995 he unsuccessfully contested a charge of possessing less than 15 grams of cocaine, *see* 720 Ill. Comp. Stat. Ann. 570/402(c) (West 1994); he was again sentenced to 24 months' probation.

At his removal hearing, which was delayed until 2005, the IJ found him removable based on his convictions for a crime of moral turpitude (possessing a stolen car), *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I), and a controlled substance offense (possessing cocaine), *see id.* § 1182(a)(2)(A)(i)(II). Zamora argued that he should remain eligible for a discretionary waiver under former INA § 212(c) because his convictions predated the repeal of that statute. The IJ disagreed, saying that Zamora could not demonstrate that the elimination of § 212(c) relief is impermissibly retroactive because he pleaded not guilty and went to trial on the cocaine possession charge. Zamora appealed to the BIA, contesting, among other things, his ineligibility for a § 212(c) waiver. The BIA affirmed, explaining that under this and other circuits' precedent, Zamora's plea of not guilty precludes him from establishing impermissible retroactivity. Zamora timely filed this petition for review.

Zamora now argues that *St. Cyr* does not require him to demonstrate his reliance on INA § 212(c) to show that applying the repeal to him is impermissibly retroactive. He says that the appropriate test for impermissible retroactivity, established in *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994), is whether the repeal "would impair rights [he] possessed when he acted" or "increase [his] liability for past conduct."

We review *de novo* an alien's claim of impermissible retroactivity. *See Valere v. Gonzales*, 473 F.3d 757, 761 (7th Cir. 2007). Determining retroactivity is a matter of statutory interpretation, and "congressional enactments . . . will not be construed to have retroactive effect unless their language requires this result." *St. Cyr.*, 533 U.S. at 315-16 (citation and quotation marks omitted); *see Fernandez-Vargas v. Gonzales*, 126 S. Ct. 2422, 2428 (2006). Where Congress's intent is ambiguous, we ask whether applying the new law would produce an impermissible retroactive effect. *St. Cyr*, 533 U.S. at 320. That inquiry "demands a commonsense, functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment," and "should be informed and guided by familiar considerations of fair

notice, reasonable reliance, and settled expectations." *Id.* at 321 (citations and quotation marks omitted).

Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) and the Antiterrorism and Effective Death Penalty Act (AEDPA), the Attorney General possessed the authority under § 212(c) of the Immigration and Nationality Act to grant discretionary waivers of deportation to aliens who met certain criteria. AEDPA placed new limits on this authority in 1996, and in 1997 IIRIRA repealed § 212(c) altogether, replacing it with a similar form of relief called "cancellation of removal." *See* 8 U.S.C. § 1229b(a). Unlike § 212(c), however, the new provision makes aliens convicted of an aggravated felony ineligible for relief. *See id.* (Zamora notes, and the government does not dispute, that neither of his offenses are aggravated felonies. *See Lopez v. Gonzales*, 127 S. Ct. 625 (2006) (simple possession of a controlled substance is not an aggravated felony); 8 U.S.C. § 1101(a)(43)(G) (theft offense for which prison sentence is less than one year is not an aggravated felony).) The new law also requires an alien to have "resided in the United States continuously for 7 years after having been admitted in any status," *see* 8 U.S.C. § 1229b(a), and an alien's commission of a crime of moral turpitude ends that continuous residence. *See* 8 U.S.C. § 1229b(d). (We note that cancellation of removal does not appear to be an option for Zamora. According to his attorney, he is ineligible for cancellation of removal because he committed a crime of moral turpitude less than seven years after his admission (he possessed a stolen car in 1990). Thus, he cannot meet the new continuous residence requirement. *See* 8 U.S.C. § 1229b(d). In any event, Zamora did not apply for cancellation of removal.)

In *St. Cyr*, the Supreme Court held that Congress did not unambiguously intend IIRIRA's repeal of § 212(c) to apply retroactively. *See* 533 U.S. at 320. The Court then analyzed whether the repeal of § 212(c) is impermissibly retroactive when applied to aliens, like St. Cyr, who pleaded guilty to an aggravated felony prior to the repeal. *See id.* The Court concluded that because people who pleaded guilty "almost certainly relied upon [the likelihood of receiving § 212(c) relief] in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212(c) relief by IIRIRA has an obvious and severe retroactive effect." *Id.* at 325. The Court emphasized the *quid pro quo* involved in plea agreements, explaining that, because aliens like St. Cyr gave up their right to contest charges at trial and the government benefitted from their plea agreements, "it would surely be contrary to familiar considerations of fair notice, reasonable reliance, and settled expectations, to hold that IIRIRA's subsequent restrictions deprive [them] of any possibility of such relief." *Id.* at 323-24 (citation and quotation marks omitted).

We have since foreclosed the possibility of § 212(c) relief for an alien who did *not* plead guilty to an aggravated felony prior to IIRIRA, reasoning that he "did not abandon any rights or admit guilt in reliance on continued eligibility for § 212(c) relief."

*Montenegro v. Ashcroft*, 355 F.3d 1035, 1036-37 (7th Cir. 2004) (per curiam) *(*citing *Lara-Ruiz v. INS*, 241 F.3d 934, 945 (7th Cir. 2001); *LaGuerre v. Reno*, 164 F.3d 1035, 1041 (7th Cir. 1998)). And the vast majority of circuits similarly have rejected arguments for § 212(c) relief brought by aliens who contested at trial the crimes that now render them ineligible for cancellation of removal. *See Hernandez-Castillo v. Moore*, 436 F.3d 516, 519-20 (5th Cir. 2006), *cert. denied*, 2006 U.S. LEXIS 5697 (Oct. 2, 2006); *United States v. Zuniga-Guerrero*, 460 F.3d 733, 737-39 (6th Cir. 2006), *cert. denied*, 2007 U.S. LEXIS 521 (Jan. 8, 2007); *Alexandre v. U.S. Attorney Gen.*, 452 F.3d 1204, 1207 (11th Cir. 2006) (per curiam); *Rankine v. Reno*, 319 F.3d 93, 100 (2d Cir. 2003); *Dias v. INS*, 311 F.3d 456, 458 (1st Cir. 2002) (per curiam), *cert. denied*, 2003 U.S. LEXIS 4615 (June 16, 2003); *Chambers v. Reno*, 307 F.3d 284, 293 (4th Cir. 2002); *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121-22 (9th Cir. 2002).

Not all circuits, however, view the existence of a guilty plea as the *sina qua non* of a retroactivity claim after *St. Cyr*. For example, the Second Circuit has said that an alien can demonstrate reliance, notwithstanding his plea of not guilty, by showing that he delayed submitting a § 212(c) application to build a stronger case of rehabilitation from his criminal past. *See Restrepo v. McElroy*, 369 F.3d 627, 634-35 (2d Cir. 2004). The Third Circuit has held that aliens who go to trial may nevertheless "have a reliance interest that renders IIRIRA's repeal of former § 212(c) impermissibly retroactive as to them," if they *turned down* a plea agreement. *See Ponnapula v. Ashcroft*, 373 F.3d 480, 494 (3d Cir. 2004). And the Tenth Circuit has held that the repeal of § 212(c) does not apply to aliens who contest an aggravated felony charge but forego their right to appeal. *See Hem v. Maurer*, 458 F.3d 1185, 1189 (10th Cir. 2006).

Zamora does not argue that any of those exceptions apply to him. Instead he argues—without addressing our contrary precedent—that we should either reject a reliance requirement or simply presume that he relied upon the prior state of the law. But like virtually every circuit that has addressed a post-*St. Cyr* retroactivity claim, reliance plays a central role in our retroactivity analysis. *See Montenegro*, 355 F.3d at 1037. In *Montenegro*, the alien had unsuccessfully contested the charge that he had possessed with the intent to deliver more than 900 grams of cocaine, an aggravated felony. *Id.* at 1036. Citing *Lara-Ruiz*, 241 F.3d at 945 (quoting *LaGuerre*, 164 F.3d at 1041), in which we explained that it would "border on the absurd" to argue that an alien "would contest criminal charges more vigorously if he knew that after he had been imprisoned and deported, a discretionary waiver of deportation would no longer be available to him," we refused to find impermissible retroactivity because Montenegro's plea of not guilty did not demonstrate reliance on his continued eligibility for § 212(c) relief. *Montenegro*, 355 F.3d at 1037. Even the Third and Tenth circuits, which Zamora cites because they reject the notion that *actual* reliance is required to show impermissible retroactivity, *see Ponnapula*, 373 F.3d at 491-94; *Hem*, 458 F.3d at 1196, analyzed whether it would have been objectively reasonable for the aliens in those cases to have relied on continued eligibility for § 212(c) relief, *see Ponnapula*, 373

F.3d at 494; *Hem*, 458 F.3d at 1197. Only the Fourth Circuit has wholly foresworn a reliance requirement, whether actual or objective. *See Olatunji v. Ashcroft*, 387 F.3d 383, 396 (4th Cir. 2004).

Zamora argues that the only relevant question is whether IIRIRA impaired the rights he possessed at the time of his conviction or increased his liability for past convictions. But under that formulation *all* aliens convicted of crimes prior to IIRIRA who otherwise would have been eligible for § 212(c) relief would remain eligible, regardless of how their convictions were obtained. Thus, Zamora's retroactivity test would render moot virtually all of the Supreme Court's analysis in *St. Cyr* and require us to overturn *Montenegro*. Zamora has not persuaded us to do so, nor has he argued for an exception to *Montenegro* that would be consistent with our precedent.

Accordingly, we DENY the petition for review.