NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 19, 2010
Decided July 19, 2010

**Before**

Hon. Joel M. Flaum,  *Circuit Judge*

Hon. Daniel A. Manion,  *Circuit Judge*

Hon. David F. Hamilton,  *Circuit Judge*

No. 09-3084

Livingston Rondell Johnson,

                                        *Petitioner*,

    *v.*

Eric H. Holder, Jr., U.S. Attorney General,

                                        *Respondent*.

Petition for Review from a Decision of the
Board of Immigration Appeals

Agency No. A 022-691-337

**O R D E R**

Livingston Johnson is a citizen of Jamaica and has resided here as a lawful permanent resident for almost three decades. He was convicted of sexual assault on a minor and as a result the Department of Homeland Security charged him with removability, which was commonly known as deportation. Before the Immigration Judge, he applied for waivers of removability and inadmissibility that would allow the judge to use his discretion and decide whether Johnson could stay here. But both were denied: the nature and circumstances of his conviction made him ineligible for either waiver. Upon review, the Board of Immigration Appeals affirmed and now

Johnson appeals. Because we agree that Johnson's previous conviction renders him ineligible for either form of relief, we deny the petition for review.

## I.

Livingston Johnson came to America in 1978, and since 1981 he has resided here as a lawful permanent resident. In 1992, he was charged with sexual assault on a minor— the minor was his step-daughter. He opted for a bench trial, was convicted, and sentenced to 30 months of supervised probation and 9 months of work release.

For over a decade, Johnson's immigration status was unchanged. Then in 2003, he applied to become a naturalized citizen. After reviewing his application, the Department of Homeland Security ("DHS") denied his application because of his poor moral character, evidenced by his conviction.

Three years later, in 2006, DHS arrested him and charged him with removability for committing an aggravated felony, after being admitted into the United States. An aggravated felony is defined as "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Johnson, with counsel, appeared before an Immigration Judge and admitted the factual allegations underlying his removability, namely, he was a lawful permanent resident and convicted of an aggravated felony.

While conceding his removability, Johnson also sought a section 212(c) waiver of removability and a section 212(h) waiver of inadmissability. Under both sections and in certain limited circumstances, an alien may stay in the United States despite having committed a removable offense. The judge found that Johnson was ineligible for either form of relief because he had not pleaded guilty but was convicted after a bench trial, and his conviction was for an aggravated felony. Johnson appeals, challenging the determination that he was ineligible for either a section 212(c) or a section 212(h) waiver.

## II.

Historically, when an alien committed a crime, the government could remove a lawful permanent resident from this country by either deporting them after they entered the country or by excluding them upon re-entry. *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 683 (7th Cir. 2008). With this broad power, the Attorney General also had discretion to admit certain aliens otherwise excludable under the Act. Much of this discretion was vested in section 212(c), and when the Attorney General exercised this discretion it was commonly called a section 212 waiver. Over the years, federal courts and the Board of Immigration Appeals broadened the scope of section 212(c), applying waivers in both deportation proceedings and exclusion proceedings. *Id.* at 684.

Congress eventually passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which repealed section 212(c) entirely. *Id.* at 687. In its place Congress enacted 8 U.S.C. § 1229b, which gives the Attorney General authority to cancel removal for a narrow class of inadmissible or deportable aliens; notably, that class excludes anyone previously convicted of "any aggravated felony." 8 U.S.C. § 1229b(a)(3); *see also INS v. St. Cyr*, 533 U.S. 289, 297 (2001). Johnson's conviction qualifies as an aggravated felony. 8 U.S.C. § 1101(a)(43)(A). And this exclusion of aliens convicted of an aggravated felony is retroactive. It applies to "all criminal violations committed by an alien after entry into the United States, regardless of whether they were committed before or after the amended definition went into affect." *Flores-Leon v. INS*, 272 F.3d 433, 439 (7th Cir. 2001).

Following Congress's repeal of section 212(c), a waiver under it remains available in two limited category of cases, only one of which is at issue here. *Montenegro v. Ashcroft*, 355 F.3d 1035, 1037 (7th Cir. 2004). The Supreme Court has held the door open for such waivers to aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) waivers at the time of their pleas under the law then in effect." *Zamora-Mallari,* 514 F.3d at 690-91. In *St. Cyr*, the Supreme Court reasoned that many alien defendants have abandoned their Sixth Amendment right to a trial and pleaded guilty relying on the availability of a section 212(c) waiver. 533 U.S. at 321-22. Eliminating the possibility of a waiver "for people who entered into plea agreements with the expectation that they would be eligible for such relief clearly attaches a new disability, in respect to transactions or considerations already past." *Id.* at 321 (quotation omitted). Thus, it held that section 212(c) waivers remain available for those who pleaded guilty in reliance and would have been eligible for a such a waiver. *Id.* at 322.

But this exception does not apply to aliens like Johnson who chose to go to trial. *Esquivel v. Mukasey*, 543 F.3d 919, 922 (7th Cir. 2008). Defendants who went to trial are in a different category, because they "did not abandon any rights or admit guilt in reliance on continued eligibility for § 212(c) relief." *Montenegro v. Ashcroft*, 355 F.3d 1035, 1037 (7th Cir. 2004). Consistent with our case law on this issue, the regulations make this point clear: "Aliens are not eligible to apply for section 212(c) relief under provisions of this paragraph with *respect to convictions entered after trial*." 8 C.F.R. § 1212.3(h) (emphasis added). Thus, Johnson cannot seek relief under *St. Cyr* for a section 212(c) waiver.

Johnson also appeals the denial of his waiver under section 212(h). That section authorizes a discretionary waiver if the denial would result in extreme hardship to a spouse, parent, or child who is a United States citizen or lawful resident. 8 U.S.C. § 1182(h)(1)(B). But it provides that "[n]o waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if [] since the date of such admission the alien has been convicted of an aggravated

felony." *Id.* Johnson's conviction qualifies as an aggravated felony; thus, he is also ineligible for a section 212(h) waiver.

## III.

Johnson's conviction for sexual assault of a minor precludes the Immigration Judge or the Board of Immigration Appeals from granting him a waiver under either section 212(c) or 212(h). Thus, the petition for review is DENIED.