NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 26, 2011
Decided February 1, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2806

| | |
|---|---|
| DIONICIO GUERRERO, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A091-177-700 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Dionicio Guerrero was ordered removed by an immigration judge on the basis of a 1995 aggravated-felony conviction. He argues that he should be permitted to apply for a waiver of removal under § 212(c) of the Immigration and Nationality Act. That section was repealed in 1996, however, and this court held just one year ago that the repeal of § 212(c) is not impermissibly retroactive when applied to aliens who, like Guerrero, were convicted at trial and chose not to appeal. Because Guerrero's only argument is squarely foreclosed by recent precedent, we deny his petition for review.

Guerrero, a citizen of Mexico, entered the United States illegally in 1980. Taking advantage of the amnesty provision of the Immigration Reform and Control Act of 1986, he became a lawful permanent resident in 1990. *See* 8 U.S.C. § 1255a. In 1995 he was convicted,

after a trial, of the manufacture or delivery of more than 500 grams of marijuana in violation of Illinois law and was sentenced to two years' probation; he did not appeal. *See* 720 ILCS 550/5(e). But that incident was his only brush with the law. Steadily employed at the same direct-mail company since 1996, he has worked his way up to the position of shipping manager. He was married in 1999 and has lived with his wife in the same house in Chicago ever since. And in 2005 he became a father; his daughter is an American citizen.

Nevertheless in 2008 the Department of Homeland Security charged that Guerrero's 1995 conviction is an aggravated felony that renders him removable. *See* 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii). Appearing before an immigration judge, Guerrero conceded that he is removable and that his aggravated-felony conviction disqualifies him from seeking cancellation of removal. *See id.* § 1229b(a)(3). He insisted, however, that he is eligible to apply for a waiver of removal under § 212(c) of the Immigration and Nationality Act. Section 212(c) once authorized the attorney general to grant discretionary relief to aliens who, despite being convicted of an aggravated felony, had served a term of less than five years' imprisonment. But that section was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Even so, Guerrero argued, because he had relied on the availability of § 212(c) when he decided not to appeal his aggravated-felony conviction in 1995, it would be "impermissibly retroactive" to deny him the opportunity to seek such relief now. Neither the immigration judge nor the Board of Immigration Appeals was convinced.

In his petition for review, Guerrero renews his argument that the repeal of § 212(c) should not apply to him. He relies on *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), which established general principles governing when a statute may be applied retroactively, as well as *INS v. St. Cyr*, 533 U.S. 289 (2001), which held that the repeal of § 212(c) does not apply retroactively to aliens who *pleaded guilty* to removable offenses before 1996. "Now that prosecutors have received the benefit of these plea agreements, agreements that were likely facilitated by the aliens' belief in their continued eligibility for § 212(c) relief," the Supreme Court reasoned in *St. Cyr*, "it would surely be contrary to 'familiar considerations of fair notice, reasonable reliance, and settled expectations' . . . [to] deprive them of any possibility of such relief." 533 U.S. at 323-24. Guerrero, of course, did not plead guilty but instead was convicted after a trial. No matter, he argues; like those aliens who gave up their right to trial by entering into a plea agreement, he too forwent a legal right in reliance on the availability of § 212(c) relief by declining to appeal his conviction.

The problem for Guerrero, however, is that we recently rejected that very contention in *Canto v. Holder*, 593 F.3d 638 (7th Cir.), *cert. denied*, 131 S. Ct. 85 (2010). *Canto* held that the repeal of § 212(c) is not impermissibly retroactive when applied to aliens who were convicted of an aggravated felony at trial but did not appeal. We began our analysis by observing that,

in determining when the repeal of § 212(c) is impermissibly retroactive, the Supreme Court favors "a categorical approach over an individualized analysis." *Canto*, 593 F.3d at 644. The question is whether it would have been objectively reasonable for a particular category of aliens to rely on the availability of § 212(c) in abandoning a legal right. *Id.* We reasoned that *Montenegro v. Ashcroft*, 355 F.3d 1035 (7th Cir. 2004), already established that "the category of aliens who went to trial did not forgo any possible benefit in reliance on section 212(c)." *Id.* And, we continued, that category "necessarily includes those aliens [who] went to trial, but chose not to appeal." *Id.* Even if aliens who went to trial but chose not to appeal ought to considered separately, we concluded, the argument still would be doomed because it is implausible that those aliens gave up their right to appeal in reliance on § 212(c). *Id.* at 645.

Guerrero doesn't address *Canto* in his opening brief (in fact he doesn't even cite it). In his reply brief, however, he insists that *Canto* must be overruled because its reasoning runs contrary to *Landgraf* and *St. Cyr*. In support he points out that the Tenth Circuit has adopted his argument that the repeal of § 212(c) may not be applied retroactively to aliens who were convicted at trial but gave up the right to appeal. *See Hem v. Maurer*, 458 F.3d 1185, 1199-1200 (10th Cir. 2006). And he admonishes *Canto* for failing to address Judge Rovner's concurring opinion in *United States v. De Horta Garcia*, 519 F.3d 658, 664-66 (7th Cir. 2008), which suggested that this court ought to revamp its retroactivity analysis and inquire not whether a party *relied* on the prior law but rather whether the change in law has altered the legal consequences of prior actions.

*Canto* has not been undermined by any supervening development, which means that the decision is entitled to "considerable weight" and that Guerrero must produce a "compelling reason" to justify overturning it. *See Santos v. United States*, 461 F.3d 886, 891 (7th Cir. 2006) (citations omitted). He has not. At best he has articulated a solid defense of the Tenth Circuit's reasoning in *Hem*, as well as Judge Rovner's concurring opinion in *De Horta Garcia*. Simply rehashing those previously considered arguments, however, does not provide a compelling reason to revisit *Canto*. *See Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 858-59 (7th Cir. 2001). Even showing that *Canto* was decided wrongly would not be enough. *See Tate v. Showboat Marina Casino P'ship*, 431 F.3d 580, 582-83 (7th Cir. 2005).

Guerrero also cites the messy circuit split regarding the broader question whether the repeal of § 212(c) is impermissibly retroactive when applied to aliens who put the government to its proof at trial. *Compare Kellermann v. Holder*, 592 F.3d 700, 707 (6th Cir. 2010) (applying categorical approach to hold that repeal of § 212(c) is *not* impermissibly retroactive), *Ferguson v. Att'y Gen.*, 563 F.3d 1254, 1271 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1735 (2010) (same); *Montenegro*, 355 F.3d at 1037 (same); *Dias v. INS*, 311 F.3d 456, 458 (1st Cir. 2002) (same); *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121-22 (9th Cir. 2002) (same), *with Lovan v.*

*Holder*, 574 F.3d 990, 993-94 (8th Cir. 2009) (applying categorical approach to hold that repeal of § 212(c) *is* impermissibly retroactive); *Atkinson v. Att'y Gen.*, 479 F.3d 222, 229-31 (3d Cir. 2007) (same); *Hem*, 458 F.3d at 1199-1200 (same), *and Carranza–de Salinas v. Gonzales*, 477 F.3d 200, 209-10 (5th Cir. 2007) (applying individualized approach and requiring *actual reliance*); *Wilson v. Gonzales*, 471 F.3d 111, 122 (2d Cir. 2006) (same); *Chambers v. Reno*, 307 F.3d 284, 290-91 (4th Cir. 2002) (same). But overruling *Montenegro* and *Canto* would neither eliminate the conflict altogether nor advance a new line of argument; "restless movement" to another side of the circuit split would waste judicial resources on a disagreement that only the Supreme Court can resolve. *See Buchmeier v. United States*, 581 F.3d 561, 565-66 (7th Cir. 2009) (en banc).

DENIED.