**Wenceslao Cornejo SORIANO,**
**Petitioner,**

v.

**Alberto GONZALES, United States**
**Attorney General, Respondent.**

No. 05–2590.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 6, 2006.

Filed: Oct. 19, 2006.

Ordered Published: Feb. 12, 2007.

Michael H. Said, Des Moines, IA, for Petitioner.

Michael H. Said, Des Moines, IA, for Petitioner.

Thomas W. Hussey, Patricia A. Smith, U.S. Department of Justice, Office of Immigration Litigation, Ben Franklin Station, Washington, DC, Lori Scialabba, U.S. Department of Justice, Executive Office for Immigration Review, Falls Church, VA, for Respondent.

Before SMITH, MAGILL, and BENTON, Circuit Judges.

PER CURIAM.

Wenceslao Cornejo Soriano, a citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reconsider or to reopen.

We conclude that the BIA acted within its discretion in denying Soriano's motion. *See Patel v. Ashcroft*, 375 F.3d 693, 695–96 (8th Cir.2004) (standard of review). We agree with the BIA that Soriano was ineligible for a waiver of removability under Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c) (1994) (repealed effective Apr. 1, 1997), because the ground for which he was found removable—the aggravated felony of sexual abuse of minor—does not have a statutory counterpart in the grounds of inadmissibility listed in INA § 212(a), 8 U.S.C. § 1182(a). *See* 8 C.F.R. § 1212.3(f)(5) (2005) (§ 212(c) relief shall be denied if alien is removable on ground which does not have statutory counterpart in grounds of inadmissibility under § 212(a)); *Campos v. INS*, 961 F.2d 309, 312–15 (1st Cir.1992) (§ 212(c) waiver may be granted to alien facing deportation only when there is ground of exclusion comparable to charge triggering·deportation); *In re Blake*, 23 I. & N. Dec. 722,

723–29, 2005 WL 778740 (BIA 2005) (sexual-abuse-of-minor removability ground has no statutory counterpart in § 212(a) inadmissibility grounds).

Accordingly, we deny the petition.