**Joel JUDULANG, aka: Joel Alegre Judulang, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70986.

United States Court of Appeals, Ninth Circuit.

Argued June 4, 2007.

Filed Sept. 17, 2007.

Mark C. Fleming, Esq., Wilmer Cutler Pickering Hale & Dorr, LLP, Boston, MA, for Petitioner.

Joel Judulang, El Centro, CA, pro se.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Mary Jane Candaux, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL and CALLAHAN, Circuit Judges, and ROBART *, District Judge.

## MEMORANDUM **

Joel Judulang was born on June 26, 1966 in the Philippines, but claims that he obtained derivative citizenship through his parents. The parties are familiar with the facts, and we do not repeat them except where necessary to render our decision. We deny Judulang's petition on his claim of derivative citizenship.

■ In removal proceedings, the DHS has the burden of proving removability by "clear, unequivocal, and convincing evidence." *Woodby v. INS,* 385 U.S. 276, 277, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966).

Judulang's birth in the Philippines creates a rebuttable presumption of alienage, and the burden shifted to Judulang to prove his citizenship. *See Scales v. INS,* 232 F.3d 1159, 1163 (9th Cir.2000).

■ The DHS produced Judulang's birth certificate at his hearing, and Judulang did not dispute that he was born on June 19, 1966 in the Philippines. At the hearing, the DHS also introduced into evidence that Judulang's father naturalized on September 22, 1978, and Judulang's mother naturalized on June 21, 1985. Judulang failed to introduce any evidence that his mother naturalized before his 18th birthday, meaning he did not obtain derivative citizenship under Immigration and Naturalization Act ("INA") § 321 as it read in 1984, 8 U.S.C. § 1432(a) (1988).

■ The evidence Judulang offered to support his claim of derivative citizenship consists of a copy of his grandfather's military record, and a declaration of intention filed by his father in 1958. These were submitted on appeal to the BIA. Even assuming this evidence was admissible, it does not show that Judulang's father was a United States citizen prior to Judulang's birth in 1966.[1]

■ Before this court, Judulang argues that the BIA made a legal error by concluding that, assuming Judulang's father became a citizen in 1958, he did not meet

certain rights under state laws that did not confer citizenship rights. *See United States v. Menasche,* 348 U.S. 528, 535–39, 536 n. 4, 75 S.Ct. 513, 99 L.Ed. 615 (1955); *Reyes–Alcaraz v. Ashcroft,* 363 F.3d 937, 938 n. 1 (9th Cir. 2004). Only completion of the naturalization process, and obtaining a certificate of naturalization confers citizenship on the alien. *Perdomo–Padilla v. Ashcroft,* 333 F.3d 964, 966–72 (9th Cir.2003)

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Congress eliminated the declaration of intention as a prerequisite to becoming a citizen by passing the INA in 1952. 66 Stat. 163, 254–55 (1952). Declarations of intention became optional documents used to preserve

the ten-year residency requirement for transmission of U.S. citizenship to his son in 1966. Judulang contends that the Philippines was one of the "outlying possessions" of the United States, so Judulang's father satisfied the physical presence requirement under INA § 301(a)(7) by living for over ten (10) years in the Philippines. This argument fails because after 1952, INA § 101(a)(29) stated that: "The term 'outlying possessions of the United States' means American Samoa and Swains Island." 66 Stat. 170; 8 U.S.C. § 1101(a)(29) (1952). Because the Philippines were not "outlying possessions" of the United States within the meaning of the INA, the BIA did not commit legal error in concluding that Judulang's father did not meet the physical presence requirement of § 301(a)(7). *Petition for Naturalization of Garces*, 192 F.Supp. 439, 440 (N.D.Cal.1961).

Even assuming that Judulang's father was a citizen in 1958, for Judulang to receive automatic citizenship under 8 U.S.C. § 1431(a) as it existed in 1984, his mother had to naturalize before his eighteenth birthday. As noted by the IJ, Judulang's mother did not naturalize until Judulang turned nineteen (19), so Judulang did not receive automatic derivative citizenship through his parents. Therefore, on the record before the IJ, and the BIA, Judulang failed to create a genuine issue of material fact regarding his claim of citizenship.

 Judulang further argues that he is eligible for a waiver of deportation under former INA § 212(c). Judulang was convicted of voluntary manslaughter in 1989. Judulang contends that he is eligible for relief from his aggravated felony crime of violence conviction under former INA § 212(c). The BIA, however, held that

there was no substantially similar statutory counterpart for aggravated felony crimes of violence in the grounds for exclusion in former INA § 212(a), and therefore Judulang was ineligible for a waiver under § 212(c).

Judulang's argument is foreclosed by our decision in *Abebe v. Gonzales*, 493 F.3d 1092, 1104–05 (9th Cir.2007). In *Abebe*, we concluded that lack of a substantially identical statutory counterpart in § 212(a) for aggravated felony sexual abuse of a minor among the grounds for exclusion rendered the alien ineligible for § 212(c) relief. *Id. Abebe* is controlling. The aggravated felony / crime of violence ground for deportation is not substantially similar to any ground for exclusion in the former § 212(a). *Matter of Brieva–Perez*, 23 I. & N. Dec. 766, 772–73 (B.I.A.2005). Therefore, Judulang was not eligible for a § 212(c) waiver. *Abebe*, 493 F.3d at 1095–96; *Caroleo v. Gonzales*, 476 F.3d 158, 168 (3d Cir.2007).

**DENIED.**