# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1385

_____

Anthony Rafael Reyes,                    *
                                         *
               Petitioner,          *
                                         *
    v.                                   *    Petition for Review from the
                                         *    Board of Immigration Appeals.
                                         *
Michael B. Mukasey,                      *    [UNPUBLISHED]
Attorney General of the                  *
United States,                           *
                                         *
               Respondent.          *

_____

Submitted: November 12, 2007
Filed: January 10, 2008

_____

Before MELLOY, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Anthony Rafael Reyes, an aggravated felon,[1] petitions for review of an order of the Board of Immigrations Appeals ("BIA"), which affirmed without opinion an Immigration Judge's ("IJ's") denial of statutory withholding of removal and protection under the Convention Against Torture ("CAT").[2] Reyes challenges the IJ's determination that he had been convicted of a "particularly serious crime," rendering him ineligible for statutory withholding of removal pursuant to 8 U.S.C. § 1231(b)(3)(B)(ii) (an alien convicted for a "particularly serious crime" is ineligible for withholding of removal), as well as the IJ's alternative finding that, even if Reyes was not barred from such relief, he had failed to demonstrate his asserted basis for withholding of removal, membership in a particular social group.[3] Because we lack jurisdiction to consider Reyes's first contention aimed at challenging the IJ's finding that Reyes had been convicted of a "particularly serious crime" and thus was disqualified from obtaining statutory withholding of removal, we do not reach Reyes's second claim which attacks the IJ's alternative finding. Therefore, we dismiss Reyes's petition.

---

[1]"Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). On March 19, 2004, Reyes was convicted of distributing cocaine, N.J. Stat. Ann. § 2C:35-5(a)(1), (b)(2), and distributing cocaine within 1,000 feet of a school zone, N.J. Stat. Ann. § 2C:35-7. On May 13, 2005, Reyes was convicted of possessing cocaine, N.J. Stat. Ann. § 2C:35-10(a)(1). Reyes was charged with being removable as an aggravated felon based on his drug trafficking and controlled substance convictions, and Reyes conceded both charges of removability.

[2]Reyes presents no argument on appeal with regard to the denial of CAT relief. Therefore, we do not consider that claim. See Alyas v. Gonzales, 419 F.3d 756, 760 (8th Cir. 2005).

[3]"[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, *membership in a particular social group*, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (emphasis added).

Reyes does not challenge the IJ's determination that he is removable as an aggravated felon, therefore judicial review of his petition is governed by 8 U.S.C. § 1252(a)(2)(C) (court of appeals lacks appellate jurisdiction to review any final order of removal against an alien who is removable as an aggravated felon) and (D) (subparagraph (C) does not bar judicial review of "constitutional questions or questions of law"). Accordingly, we possess jurisdiction over Reyes's order of removal only to the extent that his petition for review presents "constitutional questions or questions of law." 8 U.S.C. § 1252(a)(2)(D); see Vong Xiong v. Gonzales, 484 F.3d 530, 534 (8th Cir. 2007) ("[W]e do not have jurisdiction to review a final order against an alien who was found removable for having committed an 'aggravated felony.' However, this court retains jurisdiction to review 'constitutional questions or question of law.'") (internal citation omitted) (quoting 8 U.S.C. § 1252(a)(2)(C), (D)).

Reyes contends that the IJ erred in concluding that his drug trafficking conviction constituted a "particularly serious crime." However, petitioner does not claim that the IJ applied the incorrect legal standard for a "particularly serious crime." See Afridi v. Gonzales, 442 F.3d 1212, 1218 (9th Cir. 2006) (finding that the petitioner "raise[d] a question of law" where he "argue[d] that the BIA failed to apply the proper legal standard in determining whether his crime was particularly serious because the BIA misinterpreted [the Ninth Circuit's] legal precedent defining 'particularly serious crime'"). Nor does he cite any legal authority or provide any substantive argument attacking the legal standard from Matter of Y-L-, 23 I & N Dec. 270 (BIA 2002) which the IJ applied. Rather, he argues that the IJ misapplied the legal standard to the facts of his case. If we were to address this claim, we would be engaging in a factual inquiry which we lack jurisdiction to undertake. 8 U.S.C. § 1252(a)(2)(C), (D); see Brue v. Gonzales, 464 F.3d 1227, 1232 (10th Cir. 2006) ("[W]e cannot reweigh the evidence to determined if the crime was indeed particularly serious . . . .") (quoting Afridi, 442 F.3d at 1218).

-3-

Because Reyes has asserted no basis within the scope of our limited review of the claims of aggravated felons for finding that the IJ erred in determining that Reyes had been convicted of a "particularly serious crime," Reyes is disqualified from statutory withholding of removal. Accordingly, we dismiss Reyes's petition for lack of jurisdiction without reaching the IJ's alternative finding.

_____