# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2177

_____

Chanh Lovan,                                    *
                                                *
            Petitioner,                         *
                                                *   Petition for Review of an Order
     v.                                         *   of the Board of Immigration Appeals.
                                                *
Eric C. Holder, Jr., Attorney General,          *
                                                *
            Respondents.                        *

_____

Submitted: February 11, 2009
Filed: July 31, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Chanh Lovan, a citizen of Laos, petitions for review of the final order of the Board of Immigration Appeals (BIA) removing him from the United States because he was convicted in 1991 of what is now an "aggravated felony." See 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43). Lovan argues (1) he is eligible for relief under former § 212(c) of the Immigration and Naturalization Act (INA); (2) retroactively classifying his conviction as an "aggravated felony" violated due process; (3) he is eligible for withholding of removal under 8 U.S.C. § 1231(b)(3) and 8 C.F.R. § 1208.16; (4) he is entitled to relief under the United Nations Convention Against Torture (CAT). We agree in part with the first contention and therefore remand.

# I.  Background

The relevant facts can be briefly summarized, but the applicable immigration laws and precedents are complex.  Lovan entered the United States as a refugee in 1981 and became a lawful permanent resident four years later.  He was convicted by an Arkansas jury in 1991 of sexually abusing an eight-year-old child.  Sentenced to three years in prison, Lovan was discharged for good behavior after serving thirteen months.  He converted to Christianity while in prison and remains a practicing Christian.  His wife and children are U.S. citizens.

At the time of Lovan's conviction, an alien convicted of an aggravated felony was deportable, but his sex crime did not fall within the statutory definition of aggravated felony.  See 8 U.S.C. § 1251(a)(4)(B) (1988), now recodified at 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43) (1988), as amended by Immigration Act of 1990, Pub. L. No. 101-649, § 501, 104 Stat. 4978, 5048.  In 1996, Congress amended the definition of aggravated felony to include "sexual abuse of a minor."  Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, div. C, § 321(a), 110 Stat. 3009-546, 3009-627 (1996), codified at 8 U.S.C. § 1101(a)(43)(A).  The amendment was expressly made applicable to convictions prior to its enactment.  § 321(b), 110 Stat. at 3009-628.

In February 2002, Lovan visited Laos to attend his mother's funeral and to visit his ailing father, traveling under a Permit to Reenter the United States issued by the Immigration and Naturalization Service (INS).  He returned and was re-admitted by an immigration official in March 2002.  The following October, Lovan applied for naturalization.  The INS then filed a notice to appear alleging that he was deportable because of an aggravated felony conviction.

Lovan responded by applying for a waiver of deportation under former INA § 212(c), and for asylum, withholding of removal, and relief under the CAT.  The IJ

ordered Lovan removed to Laos, concluding he is ineligible for a § 212(c) waiver, he is barred from asylum and withholding of removal because convicted of a "particularly serious crime," and he failed to prove the likelihood of torture that is the basis for relief under the CAT. The BIA dismissed Lovan's administrative appeal, agreeing with the IJ's conclusions. Lovan petitions for review of all rulings except the denial of asylum. We review the BIA's decision as the final agency action, "including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006).

## II.  Deportation Issues

Lovan's primary contention is that the BIA erred in concluding he is ineligible for waiver of deportation under former INA § 212(c). As relevant here, that statute provided:  "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad . . . may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section." 8 U.S.C. § 1182(c) (1994). The reference to subsection (a) was to INA § 212(a), which enumerated the grounds upon which an alien could be excluded from entry into the United States.

1.  The government responds with a threshold argument -- Lovan cannot be eligible for relief under former § 212(c) because Congress repealed that statute in 1996. See IIRIRA § 304(b), 110 Stat. at 3009-597. After § 304(b) was enacted, circuit courts disagreed whether the repeal deprived previously eligible lawful permanent resident aliens of discretionary § 212(c) relief. The Supreme Court resolved one facet of this issue in INS v. St. Cyr, 533 U.S. 289, 314-26 (2001), concluding that § 304(b) would have an impermissible retroactive effect if applied to aliens who became eligible for § 212(c) relief by pleading guilty to aggravated felonies prior to the statute's repeal. Therefore, the Court construed § 304(b) as allowing those aliens to seek § 212(c) relief.

The government argues that Lovan may not be granted the relief afforded in St. Cyr because he was convicted by a jury in 1991, and St. Cyr premised its retroactive effect analysis on the Court's perception that lawful permanent residents reasonably relied on the continuing availability of § 212(c) relief in deciding to plead guilty. 533 U.S. at 321-24. Once again, our sister circuits disagree on this issue. Some have accepted the government's argument. See Montenegro v. Ashcroft, 355 F.3d 1035, 1037 (7th Cir. 2004); Dias v. I.N.S., 311 F.3d 456, 458 (1st Cir. 2002), cert. denied, 539 U.S. 926 (2003); Armendariz-Montoya v. Sonchik, 291 F.3d 1116, 1121-22 (9th Cir. 2002), cert. denied, 539 U.S. 902 (2003). Others have decided that the impermissible retroactive effect identified in St. Cyr is not limited to aliens convicted by guilty plea. See Atkinson v. Attorney General, 479 F.3d 222, 230-31 (3d Cir. 2007); Carranza-De Salinas v. Gonzales, 477 F.3d 200, 206-09 (5th Cir. 2007); Hem v. Maurer, 458 F.3d 1185, 1200 (10th Cir. 2006); Restrepo v. McElroy, 369 F.3d 627, 631-40 (2d Cir. 2004).[1] Among the latter courts, the Fifth Circuit requires aliens convicted after a trial to prove actual reliance on former § 212(c) to establish eligibility for relief under St. Cyr. Carranza-De Salinas, 477 F.3d at 205; see also Wilson v. Gonzalez, 471 F.3d 111, 122 (2d Cir. 2006) (requiring "objective evidence" the alien "almost certainly relied"). The Third Circuit in Atkinson disagreed.

Having carefully reviewed these various decisions, we will follow the Third Circuit's decision in Atkinson. That court first noted that requiring actual reliance in each case "runs contrary" to the Supreme Court's retroactivity analysis in Landgraf v. USI Film Products, 511 U.S. 244 (1994), which was the basis for the decision in St. Cyr. Under Landgraf, a determination that a statute has an impermissible retroactive effect "is applied across the board." 479 F.3d at 227. That conclusion is consistent with our retroactivity analysis in Alvarez-Portillo v. Ashcroft, 280 F.3d 858, 865-67 (8th Cir. 2002). In Atkinson, the court then concluded:

---

[1]The Fourth Circuit's position seems unclear. Compare Chambers v. Reno, 307 F.3d 284, 290-93 (4th Cir. 2002), with Olatunji v. Ashcroft, 387 F.3d 383, 389-95 (4th Cir. 2004).

> Prior to IIRIRA's enactment, Atkinson remained free to apply for a waiver under section 212(c) despite his conviction of an aggravated felony. After IIRIRA, he lost that right . . . . IIRIRA [thereby] attached a new legal consequence to Atkinson's conviction: the certainty -- rather than the possibility -- of deportation. Such a change in legal consequences based on events completed before IIRIRA's enactment constitutes an impermissible retroactive effect.

479 F.3d at 230. We agree. Thus, Lovan is not precluded from relief under St. Cyr. Whether Lovan is eligible for relief under former § 212(c) as applied in St. Cyr is an issue of law that we have jurisdiction to consider under 8 U.S.C. § 1252(a)(2)(D). See Munoz-Yepez v. Gonzales, 465 F.3d 347, 351 (8th Cir. 2006).

2. Relief under St. Cyr turns on how the agency would have applied former § 212(c) had Lovan traveled to Laos, reentered this country, and been placed in deportation all before the repeal of § 212(c) in 1996. Lovan argues he is eligible for relief under former § 212(c) because, when he traveled to Laos and returned to the United States in 2002, he was excludable as an alien who had been convicted of a "crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I). Review of considerable statutory and administrative history is needed to frame this issue.

The INA and predecessor statutes distinguish between deportation of aliens present in the country and exclusion of aliens seeking admission. The current statutes maintain the distinction but refer to "deportation" as "removal" and to "excludable" aliens as "inadmissable." See 8 U.S.C. §§ 1182, 1229a. Despite substantial overlap, not every circumstance that renders an alien deportable makes him inadmissible, and vice versa. See Zamora-Mallari v. Mukasey, 514 F.3d 679, 683 (7th Cir. 2008).

Prior to 1996, classes of excludable aliens were defined in INA § 212(a), 8 U.S.C. § 1182(a) (1994), while classes of deportable aliens were defined in INA § 241(a), 8 U.S.C. § 1251(a) (1994). The Attorney General was given discretion to

waive exclusion of certain aliens in § 212(c), and to suspend deportation of a narrower class of aliens in INA § 244, 8 U.S.C. § 1254 (1994).[2] By its plain language, § 212(c) applied only to the admission of a returning lawful permanent resident. As § 212(c) applied to a broader class than § 244, some lawful permanent residents who were both excludable and deportable were eligible for discretionary relief only if they left the country and attempted to return.

Adhering to an earlier decision of the Attorney General construing comparable provisions in prior law, the BIA concluded this was an arbitrary result that should be avoided. In re G-A-, 7 I. & N. Dec. 274 (B.I.A. 1956), following In re L-, 1 I. & N. Dec. 1 (A.G. 1940). In G-A-, a lawful permanent resident was admitted after traveling abroad despite being excludable due to a prior criminal conviction. The INS sought his deportation on the ground that he entered the country while excludable. Exercising its § 212(c) discretion after the fact,[3] and concluding the alien warranted discretionary § 212(c) relief, the BIA ordered that the alien be "regarded as having been lawfully admitted to the United States for permanent residence . . . notwithstanding his inadmissibility at that time." Id. at 276. The BIA dismissed the deportation proceeding, explaining that, "if [§ 212(c) discretion] is exercised to waive a ground of inadmissibility based upon a criminal conviction, a deportation proceeding cannot thereafter be properly instituted based upon the same criminal conviction." Id. at 275. See also In re S-, 6 I. & N. Dec. 392, 397 (B.I.A. 1954).

---

[2]Under current law, the authority to suspend deportation has been replaced by more restrictive "cancellation of removal" provisions. See 8 U.S.C. § 1229b; Munoz-Yepez, 465 F.3d at 349.

[3]In Edwards v. INS, 393 F.3d 299, 308-09 (2d Cir. 2004), the court observed that the Attorney General and the BIA have employed this type of "*nunc pro tunc*" remedy for more than sixty years, and Congress has never countermanded the practice. In Edwards, the court invoked the analogous judicial remedy in a different situation involving former § 212(c). We do not reach that question in this case.

The BIA initially refused to apply this expansive reading of § 212(c) to lawful permanent residents who never left the United States. But the Second Circuit held that this was an arbitrary, unfair distinction that violated the Equal Protection Clause. Francis v. INS, 532 F.2d 268 (2d Cir. 1976). The BIA acquiesced in this decision in In re Silva, 16 I. & N. Dec. 26, 30 (B.I.A. 1976), but later held that a lawful permanent resident who never left the country is eligible for § 212(c) relief only if he is "similarly situated" to an excludable alien because his ground of deportation is comparable to a ground of exclusion. In re Wadud, 19 I. & N. Dec. 182, 184-86 (B.I.A. 1984). In numerous pre-IIRIRA decisions, the BIA applied this "comparable ground" standard. See, e.g., In re Jiminez, 21 I. & N. Dec. 567, 572-77 (B.I.A. 1996); In re Esposito, 21 I. & N. Dec. 1, 5-11 (B.I.A. 1995); In re Montenegro, 20 I. & N. Dec. 603, 604-06 (B.I.A. 1992). The statutory basis for these decisions appeared to evaporate when Congress repealed § 212(c) in 1996. But after St. Cyr brought former § 212(c) back into play, the Attorney General promulgated a regulation barring a waiver under former § 212(c) if the alien is deportable "on a ground which does not have a statutory counterpart in section 212 of the Act." 8 C.F.R. § 1212.3(f)(5).

In In re Blake, 23 I. & N. Dec. 722, 727-29 (B.I.A. 2005), the BIA applied this regulation and held that the aggravated felony of sexual abuse of a minor did not have a "statutory counterpart" ground of inadmissibility in INA § 212(a). Therefore, even if sexual abuse of a minor was "a crime involving moral turpitude" making the alien inadmissible under § 212(a)(2), relief under former § 212(c) as applied in St. Cyr was not available to a lawful permanent resident whose ground of deportation (removal) was a pre-IIRIRA conviction for this particular aggravated felony. We upheld Blake's interpretation of former § 212(c) in Soriano v. Gonzales, 489 F.3d 909, 909 (8th Cir. 2006). And in Vue v. United States, 496 F.3d 858, 860-61 (8th Cir. 2007), we concluded that this statutory counterpart limitation on relief under former § 212(c) does not violate the Equal Protection Clause. The BIA relied on Blake and Soriano in rejecting Lovan's application for discretionary relief under former § 212(c).

Lovan argues he is nonetheless eligible for relief under former § 212(c) and St. Cyr because, prior to IIRIRA's enactment, he was in precisely the same position as the lawful permanent residents who were afforded this relief in In re G-A- and In re L-: he left the country after his 1991 conviction; he was readmitted despite being excludable because convicted of "a crime involving moral turpitude," 8 U.S.C. § 1182(a)(2)(A)(i)(I); and he was then charged with being deportable because of this same prior conviction. Neither the IJ nor the BIA considered this argument.[4] Remarkably, the government's brief to this court entirely ignored the issue.

Under Blake and Soriano, which is binding on our panel, Lovan would be ineligible for relief under former § 212(c) if he had never left the country after his 1991 conviction for sexual abuse of a minor because of the statutory counterpart doctrine. That doctrine evolved from the Second Circuit's decision in Francis as adopted by the BIA in Silva, decisions intended to ameliorate perceived unfairness in denying to a lawful permanent resident who never left the country a discretionary remedy available to an identically situated lawful permanent resident who left and returned. But Lovan relies on the earlier BIA decisions in In re G-A- and In re L-, decisions intended to ameliorate a different unfairness -- denying discretionary § 212(c) relief to an excludable lawful permanent resident who temporarily left the country, merely because immigration officials overlooked his excludability when he reentered and then commenced deportation proceedings based on the conviction that made him excludable.[5] Rationalizing the competing equities in these situations is not

---

[4]The IJ simply stated in a brief footnote that "the government is not required to charge him with removability at the time of his last entry," citing In re Ruis, 18 I. & N. Dec. 320 (B.I.A. 1982). Ruis involved a completely different issue and was in no way inconsistent with In re G-A-.

[5]These two doctrines may have different impacts that seem perplexing in a case like this, but this reflects the different inequities they were designed to address. When a lawful permanent resident has never left the country, the BIA in cases like Blake focuses on whether the ground of deportation actually charged has a statutory

easy, and Congress has delegated that task to the agency, not to us. But <u>In re G-A-</u> and <u>In re L-</u>, though apparently not applied in published BIA opinions in the early 1990's, were never overruled, nor were they expressly made subject to the statutory counterpart doctrine. Indeed, the Attorney General expressly declined a request by the INS to reconsider these decisions in <u>In re Hernandez-Casillas</u>, 20 I. & N. Dec. 262, 284 n.6 (A.G. 1991).

In <u>Romero-Rodriguez v. Gonzales</u>, 488 F.3d 672, 677-79 (5th Cir. 2007), the Fifth Circuit remanded a case to the BIA because it failed to consider whether the alien was eligible for *nunc pro tunc* § 212(c) relief under the <u>In re L-</u> line of cases. That is the situation here. Thus, remand is the proper disposition of this petition for review. If the BIA would have made Lovan eligible for § 212(c) relief, *nunc pro tunc*, prior to the statute's repeal, then it was an error of law in applying <u>St. Cyr</u> to deny him eligibility under former § 212(c) at this time, and the agency should proceed to determine whether he warrants a § 212 waiver. On the other hand, if we have misinterpreted footnote 6 of the Attorney General's decision in <u>Hernandez-Casillas</u>, then the BIA must clearly explain why <u>Blake</u> rather than <u>G-A-</u> applies to this case and makes Lovan ineligible for relief under former § 212(c) and <u>St. Cyr</u>.

3. Lovan further argues that application of <u>Blake</u> and our decision in <u>Soriano</u> would violate his constitutional right to equal protection as construed by the Second Circuit in <u>Francis</u>. We need not consider this contention given our decision to remand. We note that the Ninth Circuit en banc recently disagreed with the decision in <u>Francis</u>. <u>Abebe v. Mukasey</u>, 554 F.3d 1203, 1206 (9th Cir. 2009); <u>cf.</u> <u>Geach v.</u>

---

counterpart, without regard to whether another ground of deportation could have been charged that does have a statutory counterpart, such as conviction of a crime involving moral turpitude. By contrast, in applying former § 212(c) *nunc pro tunc* in cases like <u>G-A-</u>, the focus is on whether the lawful permanent resident when he returned from a trip abroad was in fact excludable *for any reason*, including prior conviction of a crime involving moral turpitude.

<u>Chertoff</u>, 444 F.3d 940, 946 (8th Cir. 2006). Moreover, Lovan's contention is inconsistent with our rejection of similar equal protection arguments in <u>Vue</u>, 496 F.3d at 860-61, and in <u>Lukowski v. INS</u>, 279 F.3d 644, 647-48 (8th Cir. 2002).

4. Finally, Lovan argues that retroactively applying the amended definition of aggravated felony to his pre-IIRIRA conviction for sexual abuse of a minor violated the due process right to "fair notice and repose" recognized in <u>Landgraf</u>, 511 U.S. at 26. The Second Circuit squarely rejected this contention in <u>Kuhali v. Reno</u>, 266 F.3d 93, 111-12 (2d Cir. 2001). <u>Accord</u> <u>Mendez-Morales v. INS</u>, 119 F.3d 738, 739 (8th Cir. 1997); <u>Ahdab v. Gonzales</u>, 189 F. App'x 73, 78-79 (3d Cir. 2006) (unpublished); <u>Cordes v. Gonzales</u>, 421 F.3d 889, 895-96 (9th Cir. 2005), <u>vacated for lack of jurisdiction</u>, 517 F.3d 1094, 1095 (2008). We agree. As Lovan does not contest that his offense constituted "sexual abuse of a minor," he is removable because of this aggravated felony conviction. <u>See</u> 8 U.S.C. § 1227(a)(2)(A)(iii).

## III. Withholding of Removal

Lovan argues that the BIA erred in concluding that he is ineligible for withholding of removal to Laos because his "life or freedom would be threatened in that country" on account of his religion, which is a protected ground. <u>See</u> 8 U.S.C. § 1231(b)(3)(A). The statute prohibits withholding of removal if "the Attorney General decides that . . . the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States." § 1231(b)(3)(B)(ii). Agreeing with the IJ, the BIA ruled Lovan ineligible for this relief because his 1991 conviction for sexual abuse of a minor was a "particularly serious crime." Lovan argues the BIA applied an incorrect legal standard, and thereby committed an error of law within our jurisdiction, in determining that his conviction for sexual abuse of a minor was a "particularly serious crime"

We lack jurisdiction to review this contention for two distinct reasons. First, Lovan is removable for having committed an aggravated felony, a type of criminal offense enumerated in 8 U.S.C. § 1227(a)(2)(A)(iii). Therefore, we may not review the "final order of removal," except for "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). As Judge Easterbrook has explained:

> [G]iven § 1252(a)(2)(C), the undisputed classification of Petrov's crime as an "aggravated felony" means that *we* are not authorized to inquire whether it is also a "particularly serious crime" -- for the latter characterization affects the agency's decision, not ours.

> \* \* \* \* \*

> No rule of law prevents the removal of aliens who have committed immigration fraud [or sexual abuse of a minor]. See INS v. Yueh-Shaio Yang, 519 U.S. 26 (1996).

Petrov v. Gonzales, 464 F.3d 800, 801-02 (7th Cir. 2006) (emphasis in original). We agree. Thus, no reviewable error of law has been raised.

Second, the BIA has developed administrative standards for determining whether an aggravated felony that does not fall within the statute's *per se* rule[6] is a "particularly serious crime." See In re N-A-M-, 24 I. & N. Dec. 336 (B.I.A. 2007); In re Frentescu, 18 I. & N. Dec. 244, 245-47 (B.I.A. 1982). Lovan argues the IJ and BIA erred in applying this agency precedent, primarily because they failed to expressly consider whether the facts and circumstances of the 1991 conviction warranted a finding that he is a danger to the community. Even if we have limited jurisdiction under § 1252(a)(2)(D) to review whether the agency applied an incorrect

---

[6]Section 1231(b)(3)(B) provides that "an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime."

standard of law in deciding this subsidiary issue, whether the IJ improperly weighed relevant factors is not a question of law. "[W]hat he challenges is the discretionary conclusion of not meriting a favorable exercise of discretion." Judicial review of discretionary decisions is barred by § 1252(a)(2)(B), as well as by § 1252(a)(2)(C), and was not restored by § 1252(a)(2)(D). Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008); see Mocevic v. Mukasey, 529 F.3d 814, 816-17 (8th Cir. 2008); Reyes v. Mukasey, 259 F. App'x 894, 896 (8th Cir. 2008) (unpublished).

## IV. Convention Against Torture

Finally, Lovan argues that he is entitled to relief under the CAT. See 8 C.F.R. § 1208.17. The BIA held that Lovan failed to demonstrate he will most likely be tortured if removed to Laos. He asserts that "undisputed facts" compel a contrary finding "as a matter of law." This is nothing more than a challenge to the agency's factual determinations, which are beyond our jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). See Hanan v. Gonzales, 449 F.3d 834, 837 (8th Cir. 2006); Hamid v. Gonzales, 417 F.3d 642, 647 (7th Cir. 2005). Lovan argues we have jurisdiction "without limit" over CAT claims because § 1252(a)(4) supercedes § 1252(a)(2)(C). This contention is without merit. Section 1252(a)(4) provides that CAT claims may only be raised in petitions for review under § 1252. It does not grant reviewing courts greater jurisdiction over CAT claims than over other claims. Hamid, 417 F.3d at 647.

The petition for review is granted and the case is remanded to the BIA for further proceedings not inconsistent with this opinion.

_____