**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0513n.06

No. 10-3415

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| HADIR GORGIS NANNOSHI, | ) | |
|  | ) | |
| Petitioner, | ) | PETITION FOR REVIEW OF AN |
|  | ) | ORDER OF THE BOARD OF |
| v. | ) | IMMIGRATION APPEALS |
|  | ) | |
|  | ) | |
| ERIC HOLDER, JR., Attorney General | ) | |
|  | ) | |
| Respondent. | ) | |

Before:  SILER, COLE, and KETHLEDGE, Circuit Judges.

**SILER**, Circuit Judge.  Hadir Gorgis Nannoshi ("Nannoshi"), native and citizen of Iraq, petitions for review of a Board of Immigration Appeals ("BIA") order denying his motion to reopen his removal proceedings.  For the following reasons, we **DENY** the petition.

**I.**

Nannoshi entered the United States in 1981 as a legal permanent resident ("LPR").  In 1994, he pled guilty to attempted criminal sexual conduct in the third degree (victim older than thirteen years of age but less than sixteen) in violation of Mich. Comp. Laws §§ 750.92 and 750.520(d). United States Immigration and Customs Enforcement ("ICE") later initiated removal proceedings against Nannoshi pursuant to Immigration and Nationality Act ("INA") §§ 237(a)(2)(A)(iii) and 236(a)(2)(A)(iii), based on his prior conviction of an aggravated felony relating to sexual abuse of a minor.

At his initial hearing before the immigration judge ("IJ"), ICE produced Nannoshi's conviction record. Nannoshi's counsel, Brian Casterline, conceded the conviction but denied that it constituted an aggravated felony. Casterline then requested time to look into whether Nannoshi was eligible for waiver under former INA § 212(c), 8 U.S.C. § 1182(c) (1994), and the IJ granted him sixty days to investigate the available relief.

At the second hearing, Nannoshi, through Casterline, applied for cancellation of removal as an LPR under INA § 240a(b)(1), 8 U.S.C. § 1229b(b)(1), and a waiver of deportability under INA § 212(c). Casterline argued that Nannoshi was eligible for a waiver under § 212(c) because he pleaded guilty to his conviction. The IJ suggested that Casterline further investigate Nannoshi's options for relief and read *In re Blake,* 23 I. & N. Dec. 722 (BIA 2005), which held an LPR ineligible for a § 212(c) waiver because sexual abuse of a minor was an aggravated felony that had "no statutory counterpart in section 212(a) grounds of inadmissability." *Id.* at 723.

At the third hearing, Nannoshi, through Casterline, sought cancellation of removal as an LPR under INA § 240a(b)(1); withholding of removal under INA § 241(b)(3); deferral of removal pursuant to the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 1208.17; a waiver of deportability under INA 212(c); and voluntary departure pursuant to INA § 240B(b), 8 U.S.C. § 229c(b). The government contended that Nannoshi was only eligible for deferral under CAT, due to his conviction for an aggravated felony and the lack of a corresponding charge of inadmissability pursuant to *Blake*, 23 I. & N. Dec. 722.

It was not until the fourth hearing that Casterline conceded Nannoshi's status as an aggravated felon and his ineligibility for a § 212(c) waiver under *Blake.* Casterline also conceded to the government's position that Nannoshi was only eligible for deferral of removal pursuant to

CAT. He then requested an adjournment to seek eligibility because Nannoshi had been married in July 2007. The IJ denied the request, because there was no I-30 petition on file and he did not believe Nannoshi would be eligible for an adjustment of status due to his aggravated felony conviction. The IJ then heard Nannoshi's argument for deferral of removal and denied his application.

On October 17, 2007, Nannoshi, represented by Casterline, appealed the IJ's decision to the BIA and stated that he intended to file a separate brief. The BIA gave him until January 2, 2008 to submit a brief. On January 2, 2008, Casterline requested an additional 21 days to submit the brief, and his request was granted. On February 13, 2008, ICE counsel filed a motion for summary dismissal of Nannoshi's appeal because no brief had been filed with the court. On March 13, 2008, Nannoshi's new counsel, Namir Daman, requested a new date to file a brief. On April 7, 2008, another lawyer from Daman's firm, Eman Jajonie-Daman, filed a motion to accept a late-filed brief.

On April 18, 2008, the BIA denied the motion to accept the untimely brief, stating that there was insufficient reason to accept the late brief. *See* 8 C.F.R. § 1003.3(c)(1). On December 22, 2008, the BIA summarily dismissed the appeal, noting that the statement provided in the notice of appeal failed to "meaningfully apprise this Board of the reasons underlying the appeal."

Nannoshi, again represented by new counsel, filed an untimely motion to reopen with the BIA claiming that he had received ineffective assistance of both trial and appellate counsel. The BIA denied the motion because it was untimely and Nannoshi failed to demonstrate an exception to the timely filing requirements. Specifically, the BIA found that he had not demonstrated that he was prejudiced by the actions of his counsel because, due to his aggravated felony conviction, Nannoshi was ineligible for almost all forms of relief except for deferral of removal under CAT. The BIA then

found that Nannoshi failed to demonstrate, and the record failed to support, that he was entitled to deferral of removal under CAT.

## II.

On appeal, Nannoshi asserts that the BIA should have equitably tolled his time for filing the motion to reopen because he was prejudiced by the ineffectiveness of his trial and appellate counsel. *See Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010); *Barry v. Mukasey*, 524 F.3d 721, 725 (6th Cir. 2008) (noting that we have declined to equitably toll filing periods for ineffective assistance of counsel where prejudice is not established).

### A. Standard of Review

We review the BIA's denial of the motion to reopen for abuse of discretion. *See Barry*, 524 F.3d at 724. The BIA abuses its discretion when its denial "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (quoting *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006)). The BIA has "broad discretion to grant or deny such motions." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007). Here, Nannoshi's sole argument that the BIA abused its discretion is that it erred in concluding he was not prejudiced by his counsels' ineffectiveness.

### B. Ineffective Assistance of Counsel

Nannoshi contends that his Fifth Amendment right to counsel was violated by the ineffective assistance provided by his counsel at trial, as well as by the counsel he retained on appeal. He claims that trial counsel erred by conceding that Nannoshi was ineligible for relief under § 212(c) based on his aggravated felony conviction. Similarly, Nannoshi claims that his appellate counsel erred by

failing to file a timely brief arguing that trial counsel erred in conceding Nannoshi's ineligibility under § 212(c). Nannoshi argues that, as a result, the BIA should have equitably tolled the time for filing a motion to reopen because he was otherwise prevented from making a successful argument regarding his eligibility for relief from deportation.

A petitioner's right to counsel in deportation proceedings is grounded in the Fifth Amendment guarantee of due process. *See Ikharo v. Holder*, 614 F.3d 622, 630 (6th Cir. 2010). To establish a due process violation in an immigration hearing, the petitioner must show that he was prejudiced by the alleged ineffectiveness of his counsel. *Id.*; *In re Assad*, 23 I. & N. Dec. 553, 556 (BIA 2003). Thus, when reviewing an alleged due process violation, we look first at whether there was a defect in the removal proceeding, and second, whether the alien was prejudiced because of it. *Ikharo*, 614 F.3d at 630-31.

Prior to its repeal, § 212(c) provided the Attorney General with discretion to waive deportation when an alien met certain criteria. In *INS v. St. Cyr*, 533 U.S. 289 (2001), the Supreme Court held that § 212(c) relief remains available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326. Because Nannoshi entered his guilty plea in 1994, prior to the 1997 cutoff-date provided in 8 C.F.R. § 1212.3(h)(2), he contends that he is eligible to seek a § 212(c) waiver.

Nannoshi was ineligible for the waiver, however, because his conviction for sexual abuse of a minor qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A), and this conviction does not have a statutory counterpart in § 212(a), 8 U.S.C. § 1182(a). *See* 8 C.F.R. § 1212.3(f)(5); *Koussan v. Holder*, 556 F.3d 403, 408-09 (6th Cir. 2009).

Nannoshi contends that *Gutierrez-Almazan v. Gonzales*, 491 F.3d 341 (7th Cir. 2007), supports his proposition that there need not be a substantially similar ground of exclusion and deportation for him to be entitled to § 212(c) relief. However, his argument is contrary to our precedent in *Koussan*, and we have pointed out that "[n]umerous courts have held there must be a comparable ground of exclusion for an alien in deportation proceedings to be eligible for section 212(c) relief." 556 F.3d at 409 (quoting *Gjonaj v. INS*, 47 F.3d 824, 827 (6th Cir. 1995)). Accordingly, we cannot change this well-established rule.[1]

Because Nannoshi cannot show that he was eligible for § 212(c) relief, he was not prejudiced by trial counsel's concession or appellate counsel's failure to raise the argument on appeal. Absent a showing of prejudice, his claims of ineffective assistance of counsel fail. Accordingly, the BIA did not abuse its discretion by denying Nannoshi's untimely motion to reopen.

**REVIEW DENIED.**

---

[1]The Supreme Court has granted certiorari to review the proper application of § 212(c) to LPRs deported as a result of aggravated felony convictions. *See Judulang v. Holder*, 249 F. App'x 499 (9th Cir. 2007), *cert. granted*, 79 USLW 3672 (U.S. April 18, 2011) (No. 10-694).