# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3031

———————

| | | |
|---|---|---|
| Chanh Lovan, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

———————

Submitted:  April 11, 2011
Filed:  October 13, 2011

———————

Before LOKEN, BALDOCK,* and MURPHY, Circuit Judges.

———————

LOKEN, Circuit Judge.

Chanh Lovan, a citizen of Laos and a lawful permanent resident of the United States, was convicted of sexually abusing a child in 1991 and served thirteen months in prison. He traveled to Laos in 2002 under a permit issued by the Immigration and Naturalization Service (INS), returning to the United States one month later. He re-entered without challenge, but INS commenced removal proceedings when he applied for naturalization later that year, alleging that he is deportable due to the 1991

———————

*The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

conviction because Congress in 1996 added sexual abuse of a minor to the list of "aggravated felonies" that are statutory grounds for deportation.[1]

Lovan asserted other defenses not here at issue and applied for a discretionary waiver of deportation under former § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994). An Immigration Judge ordered him removed, the Board of Immigration Appeals (BIA) affirmed, and Lovan petitioned this court for judicial review. Applying the Supreme Court's retroactive-effect analysis in INS v. St. Cyr, 533 U.S. 289, 325-26 (2001), we remanded to the BIA to consider whether Lovan would have been eligible for § 212(c) relief *nunc pro tunc* when Congress repealed § 212(c) in 1996. Lovan v. Holder, 574 F.3d 990, 996 (8th Cir. 2009) (Lovan I). On remand, the BIA again concluded that Lovan is ineligible for § 212(c) relief and ordered his removal. Lovan petitions for judicial review. We grant the petition and direct the Attorney General to exercise his § 212(c) discretion.

Section 212(c) prior to its repeal provided:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section [which established the grounds for excluding aliens seeking admission] . . . .[2]

---

[1]See Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, div. C, § 321(a), 110 Stat. 3009-548 (1996), codified at 8 U.S.C. § 1101(a)(43)(A).

[2]IIRIRA changed immigration-law terminology. "Excludable" aliens are now "inadmissible," and "deportable" aliens are "removable." IIRIRA also consolidated the distinct exclusion and deportation proceedings under prior law into "removal proceedings." See De la Rosa v. U.S. Attorney General, 579 F.3d 1327, 1328 n.2 (11th Cir. 2007), cert. denied, 130 S. Ct. 3272 (2010).

Relief under former § 212(c) was a complex issue prior to the statute's repeal, as we explained in Lovan I, 574 F.3d at 994-95. On its face, § 212(c) applied only to excludable aliens at the time they returned to this country. But the Attorney General and later the BIA granted § 212(c) relief, *nunc pro tunc*, to aliens who left the country after committing excludable offenses, were allowed to return unchallenged after temporary absences, and were later charged with being deportable on account of the same crimes. See In re L-, 1 I.&N. Dec. 1 (A.G. 1940); In re G-A-, 7 I.&N. Dec. 274, 275 (B.I.A. 1956). The purpose of this expanded relief, the Attorney General explained, was to avoid a "capricious and whimsical" operation of the immigration laws. An alien in this circumstance "should be permitted to make the same appeal to discretion that he could have made if denied admission [when he re-entered], or that he could make in some future application for admission if he now left the country." In re L-, 1 I.&N. Dec. at 5-6.

A second, more significant expansion of § 212(c) relief came when the Second Circuit held that it would be an irrational denial of equal protection of the laws to discriminate in favor of aliens who travel abroad by denying eligibility for § 212(c) relief to a deportable alien who never left the country and was charged with a ground of deportation that would have made him excludable had he traveled and returned. Francis v. INS, 532 F.2d 268, 272-73 (2d Cir. 1976). The BIA acquiesced in this decision in In re Silva, 16 I.&N. Dec. 26, 30 (B.I.A. 1976). But it subsequently declined to extend § 212(c) relief to "cases where the ground of deportability charged is not also a ground of inadmissibility" under § 212(a). In re Wadud, 19 I.&N. Dec. 182, 185 (B.I.A. 1984); accord In re Hernandez-Casillas, 20 I.&N. Dec. 262, 286-88 (A.G. 1991) (disapproving a BIA decision that would have overruled Wadud).

Congress repealed § 212(c) in 1996. In St. Cyr, the Supreme Court considered the impact of repeal on an alien who pleaded guilty to a deportable offense prior to repeal that would have made him eligible for § 212(c) relief under Francis and Silva. The Court first concluded that Congress had not made repeal retroactive. 533 U.S. at

315-321. Proceeding then to the second step of the retroactivity analysis mandated by Landgraf v. USI Film Products, 511 U.S. 244, 272-73 (1994), the Court concluded that "IIRIRA's elimination of any possibility of § 212(c) relief for people who entered into plea agreements with the expectation that they would be eligible for such relief" was an impermissible retroactive effect. 533 U.S. at 321, 325. Therefore, the Court held, "§ 212(c) relief remains available for aliens . . . eligible for § 212(c) relief at the time of their plea under the law then in effect." Id. at 326.[3]

In response to St. Cyr, the Attorney General promulgated a regulation barring a waiver of deportation under former § 212(c) if the alien is deportable "on a ground which does not have a statutory counterpart" in the exclusion provisions of former § 212. 8 C.F.R. § 1212.3(f)(5). Though promulgated after the decision in St. Cyr, pre-repeal decisions such as Wadud confirm that this "statutory counterpart" principle fairly reflects the way in which the BIA and the Attorney General applied § 212(c) prior to repeal to deportable aliens who never left the country.

In its initial ruling in this case, the BIA denied Lovan relief under former § 212(c) "because the aggravated felony ground of removal with which he was charged [sexual abuse of a minor] has no statutory counterpart in the grounds of inadmissibility under section 212(a) of the Act," citing In re Blake, 23 I.&N. Dec. 722, 727-29 (B.I.A. 2005).[4] We had previously upheld the BIA's application of Blake to other deportable aliens who never left the country, according deference to the agency's adoption and interpretation of the statutory-counterpart rule. See Vue v. Gonzales, 496 F.3d 858, 860-61 (8th Cir. 2007); Soriano v. Gonzales, 489 F.3d 909,

---

[3]We held in Lovan I that the impermissible retroactive effect identified in St. Cyr applies equally to aliens convicted by a jury. 574 F.3d at 993-94.

[4]The Second Circuit reversed the BIA's ruling, Blake v. Carbone, 489 F.3d 88, 101-04 (2d Cir. 2007), but the BIA's decision has been widely followed.

909 (8th Cir. 2006).[5]  Therefore, we concluded in Lovan I, 574 F.3d at 996, "Lovan would be ineligible for relief under former § 212(c) if he had never left the country after his 1991 conviction for sexual abuse of a minor because of the statutory counterpart doctrine."  However, we noted, Lovan did leave and re-enter the country prior to the agency commencing removal (deportation) proceedings, unlike the alien respondents in Blake, Soriano, St. Cyr, and other cases that have produced the circuit conflict over the statutory-counterpart rule.  Therefore, we further concluded, "[r]elief under St. Cyr turns on how the agency would have applied former § 212(c) had Lovan traveled to Laos, reentered this country, and been placed in deportation all before the repeal of § 212(c) in 1996."  Id. at 994.[6]

Turning to that question, in the 1956 case of In re G-A-, a lawful permanent resident alien pleaded guilty to a narcotics offense that made him excludable and deportable.  Five years later, he re-entered the country despite being inadmissible.  He was then charged with being deportable on account of that offense.  7 I.&N. Dec. at 275.  The BIA, invoking the Attorney General's prior decision in In re L-, granted

---

[5]The Supreme Court recently granted certiorari to resolve a three-way conflict among the circuits in applying the statutory-counterpart rule.  Judulang v. Gonzales, 249 F. App'x 499 (9th Cir. 2007), cert. granted, 131 S. Ct. 2093 (2011).  The conflicting interpretations are set forth in De la Rosa, 579 F.3d at 1333; Abebe v. Mukasey, 554 F.3d 1203, 1205-06 (9th Cir. 2009) (en banc), cert. denied, 130 S. Ct. 3272 (2010); and Blake v. Carbone, 489 F.3d 88, 101-04 (2d Cir. 2007).  Until Judulang is decided, our panel continues to be bound by Soriano.  But this appeal does not take us into that unresolved territory.  Rather, it turns on a proper application of the principle of impermissible retroactive effect.  On this issue, the agency's decision is *not* entitled to deference.  See St. Cyr, 533 U.S. at 324-25.

[6]Because retroactive-effect analysis focuses on "whether the new provision attaches new legal consequences to events completed before its enactment," St. Cyr, 533 U.S. at 321 (quotation omitted), one could argue that Lovan may not avoid the statutory-counterpart doctrine because he did not travel before § 212(c) was repealed.  But that is a novel proposition which neither the BIA nor the government on appeal has raised, so our statement of the St. Cyr issue in Lovan I is the law of the case.

discretionary § 212(c) relief *and terminated the deportation proceedings*. The BIA explained:

> We believe that if [§ 212(c)] is exercised to waive a ground of inadmissibility based upon a criminal conviction, a deportation proceeding cannot thereafter be properly instituted *based upon the same criminal conviction* unless, of course, the Attorney General has revoked the previous grant of relief.

Id. at 276 (emphasis added). In 1991, thirty-five years later and only five years before the repeal of § 212(c), the Attorney General adhered to the statutory-counterpart principles of Silva and Wadud but expressly declined an INS request to overrule In re L- and In re G-A-, describing deportation proceedings in the limited circumstances where an excludable alien traveled abroad and re-entered the country without challenge as "the equivalents of exclusion proceedings." Hernandez-Casillas, 20 I.&N. Dec. at 284-287 & n.6.

Because the Attorney General and the BIA applied § 212(c) *nunc pro tunc* in In re L- and In re G-A- -- cases where an excludable alien had traveled and re-entered before being charged as deportable -- without regard to whether a statutory counterpart was charged in the deportation proceeding, and because the BIA failed to address whether this created a distinct basis for finding an impermissible retroactive effect, we concluded in Lovan I that we should remand for consideration of this issue, as the Fifth Circuit had done in Romero-Rodriguez v. Gonzales, 488 F.3d 672, 677-79 (5th Cir. 2007). For guidance on remand, we instructed:

> If the BIA would have made Lovan eligible for § 212(c) relief, *nunc pro tunc*, prior to the statute's repeal, then it was an error of law in applying St. Cyr to deny him eligibility under former § 212(c) at this time, and the agency should proceed to determine whether he warrants a § 212 waiver. On the other hand, if we have misinterpreted footnote 6 of the Attorney General's decision in Hernandez-Casillas, then the BIA must clearly

-6-

> explain why <u>Blake</u> rather than <u>G-A-</u> applies to this case and makes
> Lovan ineligible for relief under former § 212(c) and <u>St. Cyr</u>.

<u>Lovan I</u>, 574 F.3d at 996. On remand, a divided panel of the BIA ruled that "<u>Blake</u> . . . is controlling" and Lovan "is not eligible to obtain a waiver under former section 212(c)." Though acknowledging that <u>In re L</u> and <u>In re G-A-</u> have never been overruled, the majority held that these decisions "do not . . . preclude us from applying a statutory counterpart analysis to an alien with a prior conviction who has been readmitted to the United States and then placed in removal proceedings and charged under section 237 of the Act [the statute defining the classes of deportable aliens, as amended by IIRIRA]." The majority did not discuss or even mention the issue of impermissible retroactive effect under <u>St. Cyr</u>. The dissenting member concluded that Lovan is eligible for a waiver of deportation under former § 212(c) because <u>In re G-A-</u> has never been overruled and established the principle "that a grant of section 212(c) relief precludes use of the underlying conviction as the basis for a deportation charge."

By conceding that <u>In re L</u> and <u>In re G-A-</u> were not overruled prior to the repeal of § 212(c), and then ignoring the rule established by those decisions, the BIA majority completely disregarded the Supreme Court's controlling decision in <u>St. Cyr</u>. Determination of impermissible retroactive effect "demands a commonsense, functional judgment" about the legal landscape at the time of repeal. 533 U.S. at 321. Had Lovan traveled to Laos and returned after his 1991 conviction but before repeal, he would have been considered excludable based on a prior conviction for a "crime involving moral turpitude." <u>See</u> § 212(a)(2)(A)(i)(I) (1994); <u>In re Olquin-Rufino</u>, 23 I.&N. Dec. 896, 897 (B.I.A. 2006). If immigration officials had overlooked this criminal history and admitted him, he would have been eligible for § 212(c) relief *nunc pro tunc* under <u>In re G-A-</u> as construed in <u>Hernandez-Casillas</u>. If that relief was granted, he could not have been deported "based upon the same criminal conviction," without regard to the statutory counterpart analysis that was applied to aliens who did not travel in cases like <u>Wadud</u>. <u>In re G-A-</u>, 7 I.&N. Dec. at 275. Rather than analyze

the issue of retroactive effect in this manner, the BIA majority simply declared that it was free to apply the statutory counterpart doctrine *as it has evolved in post-repeal cases*. This "was an error of law in applying <u>St. Cyr</u>"; accordingly, "the agency should proceed to determine whether [Lovan] warrants a § 212 waiver." <u>Lovan I</u>, 574 F.3d at 996.

For these reasons, we grant the petition for review and direct the Attorney General to exercise his § 212(c) discretion and decide whether Lovan warrants a waiver of deportation.

_____