Solano v. Holder

BIA
A038 260 329

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT:
        DENNIS JACOBS,
        ROSEMARY S. POOLER,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

MARCIAL AVILA SOLANO,
        *Petitioner,*

        v.                                          12-2105
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Matthew L. Guadagno, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Douglas E.
                         Ginsburg, Assistant Director;
                         Matthew B. George, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marcial Avila Solano, a native and citizen of Honduras, seeks review of an April 25, 2012, decision of the BIA denying his motion to reopen his removal proceedings. *In re Marcial Avila Solano*, No. A038 260 329 (B.I.A. Apr. 25, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the final administrative decision was rendered, and may file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Since the agency issued a final administrative order of removal in December 2010, Avila Solano's second motion to reopen, filed in November 2011, was untimely as well as number-barred.

Avila Solano contends, however, that the time and number limitations should be waived because his former

2

attorneys provided ineffective assistance by failing to argue that the petitioner was entitled to relief under former § 212(c) of the Immigration and Nationality Act ("INA") *nunc pro tunc,* on the ground that the former Immigration and Naturalization Service ("INS") had deprived him of the opportunity to apply for this relief when it erroneously failed to place him in exclusion proceedings upon his return from brief pre-1996 trips abroad.

The time and numerical limitations on motions to reopen may be tolled due to ineffective assistance of counsel, provided that the movant demonstrates that counsel's performance was so ineffective as to have "impinged on the fundamental fairness of the hearing." *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005) (internal quotation marks and citation omitted). Such a showing must be supported by facts sufficient to show that competent counsel would have acted otherwise, and that the movant was prejudiced by counsel's conduct. *See Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008).

The BIA did not abuse its discretion by finding that his former counsel was not ineffective; the *nunc pro tunc* argument was speculative at best. As the BIA observed,

3

Avila Solano's *nunc pro tunc* argument appears inconsistent with *Restrepo v. McElroy*, 369 F.3d 627 (2d Cir. 2004), which requires that individuals seeking § 212(c) relief post-repeal who had been convicted at trial demonstrate individualized reliance on the continuing availability of § 212(c) relief. *See* 369 F.3d, 634;*see also Wilson v. Gonzales*, 471 F.3d 111, 122 (2d Cir. 2006).

Avila Solano cites a number of agency decisions for the proposition that waivers of inadmissibility may be filed *nunc pro tunc* without the need to show individualized reliance. However, all predate the 1997 repeal of § 212(c) or are otherwise not germane. For example, *Edwards v. INS* concerned § 212(c) applicants who had been convicted pursuant to guilty pleas. *See* 393 F.3d 299, 303, 305 (2d Cir. 2004). Avila Solano's reliance on *Lovan v. Holder*, 659 F.3d 653 (8th Cir. 2011), is also misplaced; the Eighth Circuit does not require a showing of individualized reliance. *See* 659 F.3d at 656 n.3.

Accordingly, the BIA did not abuse its discretion in concluding that Avila Solano did not merit tolling of the time and numerical limitations on the ground of ineffective assistance of counsel. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk